`No. 8208.

THE BATON ROUGE, GROSSE TÊTE AND OPELOUSAS R. R. Co. vs. LOUIS KIRK-
LAND, SHERIFF, ET AL.

The Charter of this Rail Road Company exempts its property from taxation for ten years after the completion of the road. The road has never been completed. The property is, therefore, not entitled to the exemption.

Exemptions from taxation must be strictly construed.

APPEAL from the Twenty-third Judicial District Court, parish of West Baton Rouge. *Cole, J.*

---

*H. M. Favrot* for Plaintiff and Appellee:

First—That plaintiffs' act of incorporation is a grant made by the State to the Company, having all the attributes of a contract, by which both the grantor and grantee are solemnly and respectively bound. 7 Cranch, 165; 6 Cranch, 87; 4 P. 514; 16 H. 369; 6 H. 301.

Second—That any attempt on the part of the State to enforce Art. 207 of the Constitution, and Act No. 77 of 1880, carrying the same into effect, would operate against the company as a divestiture of its chartered rights, impair the obligations of a contract, and be violative of § 1 of sec. 10 of Art. 1, of the Constitution of the United States, and of Art.     of the State Constitution. 8 Wal. 430-439 ; 13 Wal. 264-269; 16 Wal. 244; 20 Wal. 36 ; 15 Wal. 454.

Third—That although the taxing power of a State is never presumed to be relinquished, yet, where the intention to relinquish is declared in clear and unambiguous terms, it cannot be recalled except for cause, and the exempted party put in default.

Fourth—That under the shield of protection extended both by Federal and State governments, plaintiffs became the owners of sixty male slaves, constituting the working force with which the road was to be completed; and when the State passed the ordinance of secession, and severed its connection with the Federal Union, and afterwards manumitted the slaves, it assumed the responsibility of its own act, and the loss resulting therefrom cannot be visited as a penalty upon plaintiffs. If it were so, the State would be taking advantage of its own wrong. See Joint Resolution No. 22, p. 40, of 1855; No. 24, p. 42, of same year.

Baton Rouge, Grosse Tête and Opelousas R. R. Co. vs. Kirkland, Sheriff, et al.

Fifth—The same rule obtains in regard to the maintenance of levees—The State assumed the work of their erection, and failed. See Joint Resolution No. 5, p. 8 1865. Appointment of Levee Commissioners. Act No. 20, p. 34, of 1866; Act No. 115, p. 212, of 1867; Act No. 116, p. 216, of 1866; No. 117, p. 218, of 1867; No. 122, p. 236, of 1867; No. 72, p. 82, of 1868.

Sixth—That the State alone (for causes other than those enumerated in plaintiffs' charter) possesses the right to declare the forfeiture of a charter granted by it; but this must be judicially decreed, and cannot be inquired into collaterally. It is a tacit condition of a grant, that the grantees shall act up to the end for which they were incorporated ; and when they do not, the privileges and immunities granted may be withdrawn. But the misuse or abuse must be judicially ascertained—it cannot be declared by constitutional or legislative enactment. 13 L. 506; 15 L. 26; 5 An. 179; 9 An. 265; 2 R. 529; 12 An. 568; 11 R. 404.

These questions were exhaustively and ably treated by your Honors in the case of the City of New Orleans vs. Poydras Orphan Asylum, Decision Book 53, p. 550, lately decided, to which the Court is respectfully referred

Seventh—By Act No. 89, p. 162, of 1866, the State authorized bonds to be issued in favor of the plaintiff company, and thus showed it did not consider the company censurable for the non-completion of the road.

The judgment of the lower court should be affirmed.

*J. C. Egan*, Attorney General, for Defendants and Appellants:

Exemptions from taxation are to be strictly construed. 8 Ind. 328; Cooley on Taxation, p. 146; Burrough on Taxation, sec. 70, p. 132.

The exemption from taxation of the above-named corporation dates from the time of the completion of the road. Sec. 2, Act No. 271 of 1853, p. 248.

———

The opinion of the court was delivered by

BERMUDEZ, C. J. The plaintiff claims that its property is exempt from taxation and that the defendant should be enjoined from collecting any taxes from it. There was judgment accordingly, and the defendants have appealed.

The corporation was chartered in 1853, to construct a railroad opposite Baton Rouge, from the Mississippi to terminate at a central point on the Bayou Grosse Tête.

The charter provides, section 2, " that the capital stock of said company and other appurtenances shall be exempted from taxation for ten years, after the completion of the road." Act 271 of 1853, p. 243.

The evidence shows that the road has never been completed.

Had it been so, the exemption would have become operative from the time of completion, and would have continued for ten years.

Exemptions from taxation must be strictly construed. Cooley on Tax, 146; Burroughs 132.

To grant the relief sought would be to interpolate in the law relied upon, words which, in legislative contemplation, were not to form part of it, and thus to extend the immunity to the very creation of the corporation, *before* the beginning of any work, when it is manifest that the initial point for exemption was to spring into existence only *after* the completion of the road. That we cannot do.

We do not think that this is a case in which we can allow damages on dissolution of the writ.

It is, therefore, ordered and decreed that the judgment of the lower court be reversed; and it is now ordered and decreed that the injunction herein issued be dissolved, and that the demand of plaintiff be rejected with costs in both courts.

Rehearing refused.