## No. 1,215.

### PARISH OF MOREHOUSE vs. THOMAS L. BRIGHAM.

1. A license is a tax. It is a *license* tax and not a property tax. A license could not be held to be a property tax, without making it unconstitutional, as being, together with the *ad valorum* tax permitted by the Constitution, in excess of its limitation.

2. A statute which provides that all land, and *other taxable property*, situated within the limits of a corporation, shall be exempt from the payment of parish taxes. does not exempt citizens of that corporation from paying parish licenses.

41 665
49 1226

41 665
52 1091

Parish of Morehouse vs. Brigham.

APPEAL from the Justice's Court, Fourth Ward of Morehouse Parish. *Brodnax*, J.

*J. P. Madison*, District Attorney, for Plaintiff and Appellee.

*Todd & Todd* and *L. F. Leavel* for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J. The defendant appeals from a judgment condemning him to pay the sum of $50 as the amount of parish license due by him, for the current year 1889, for operating and prosecuting, *in the town of Bastrop*, a saloon, and in retailing liquors in less quantities than five gallons; and commanding him to desist from further pursuing or prosecuting said business until said judgment and costs are paid.

The defendant's complaint is "that he pays to the corporation of said town a license tax of $50 for the purpose of carrying on and operating his business * * * and he specially denies that he is due the parish of Morehouse anything in the way of license therefor."

He avers that the Parish of Morehouse "has no right or authority to impose a license tax of $50 upon his calling as a saloonist, and that he is not liable for said license tax * * because he is specially exempted by the Act of the Legislature of the State * * passed in 1861, from paying any license tax to the Parish of Morehouse, for the purpose of carrying on, or conducting his said business," and he prays judgment exempting him therefrom.

On the trial it was a fact admitted that "the town of Bastrop is a regularly incorporated institution, with full power to levy and collect taxes and licenses."

There was introduced in evidence Act 105 of 1861. This is an act amending an act concerning the town of Bastrop.

The portion of that act applicable to the present controversy, reads as follows, viz:

"That the trustees of said town shall have the power to assess such an amount of taxes for municipal purposes as they may deem proper, not to exceed the sum of $1500 *per annum*, to be assessed and collected in the same manner as taxes of the State are; provided, that the *land and other taxable property situated within the limits of said corporation shall be, and the same are hereby declared exempt from the payment of parish taxes.*"

Defendant's construction of that provision of the statute, is that it was "the intention of the Legislature to exempt from parish taxation everything within the corporation of Bastrop, upon which a tax could be imposed; and that by '*land and other taxable property*,' was meant to everything of any nature whatever." In illustrating their theory, his counsel state in their brief (page 2), "that if such was not the intention of the Legislature * * a strange anomaly would be presented. A storehouse valued at $10,000, filled with a stock of goods valued at $10,000, situated within the corporation of Bastrop, would be *exempt* from taxation, still the proprietor would have to pay to the parish *a tax* to enable him to sell goods."

The defendant's counsel are manifestly under a misapprehension of the true meaning and import of the term "license." He evidently insists upon it being simply "a tax" — that is, a *property* tax. It is not a property tax, but a license tax, and does not come within the meaning and true import of the statute quoted, exempting "the land and *other taxable property* situated within the limits of said corporation." To bring the license tax claimed of defendant, within its provisions, we would have to construe it to be a property tax.

In the very nature of things it could not be, without being, at the same time, stricken with unconstitutionality, for the amount of the license being added to the six mills *ad valorum* tax permitted by the Constitution, the total amount would exceed that limit. Licenses are graded by the statute, and fixed at a lump sum, according to the *approximate* amount of business done, whilst taxes are assessed at the *rate* of a fixed number of mills upon each dollar of ascertained valuation. Taxes are levied upon *specific property*, whilst licenses are permits to *persons* to pursue certain callings or professions, and do not constitute a charge upon the *property* of such persons, *eo nomine*.

Exemptions are in derogation of common right, and exemptions from taxation must be strictly construed. The statute relied upon by the defendant, as exonerating him from paying license to the parish of Morehouse, does not support his contention. It means just what it says, "that the land and other taxable property situated within the limits of said corporation shall be and the same are hereby declared exempt from the payment of parish taxes." Nothing more is exempt.

Parish of East Feliciana vs. Levy, 40 Ann. 332, is relied upon by both plaintiff's and defendant's counsel as authority for their respective positions. In that case there was drawn in question the provisions of Act 172 of 1852, which declared that "the town of Jackson, in the parish

East Feliciana, be and the same is exempt from the payment of *parish taxes*."

We stated the issue to be, as we understood it, as follows, viz :

" Simplified and refined, the question is, whether a license is a *tax*."

After the citation of adequate authority, we said that "it was evidently the intention of the Legislature to exempt all objects of parish taxation, from the payment of parish taxes; and the word ' taxes' was obviously employed in its broadest sense, and included *license taxes* as well as *property taxes*. It declared that the *town* of Jackson is hereby exempt, etc. The ' town' of Jackson certainly includes the *inhabitants*, as well as the *property* that is situated within its limits. The defendant's *occupation* comes within the purview of the legislative exemption, and the judge *a quo* was correct in deciding that he was not liable for the *parish license* claimed of him."

In that opinion we decided distinctly—and so intended to decide— that a license was a tax, but a *license tax*, and not a *property* tax. To that opinion we adhere. The statute invoked does not exempt the defendant from paying the parish license imposed on him.

Judgment affirmed.