## No. 10,826.

### G. GAST VS. BOARD OF ASSESSORS ET AL.

1. A manufacturer of wire furniture is not exempt from taxation under Article 207 of the Constitution.

2. Where the court exempts the manufacturer of furniture "and other articles" of wood, the words quoted relate to and qualify the antecedent "furniture."

3. A limiting clause is generally to be restrained to the last preceding antecedent, and not to be extended to what follows it, unless clearly so intended.

4. Statutes conferring exemptions should be strictly construed. This is emphasized by jurisprudence, in cases requiring the construction of exempting clauses. Doubt is fatal. Plausible hesitation warrants an adverse finding. 42 An. 1102.

Gast vs. Assessors et al.

This court having heretofore held "that the manufacturer of furniture and other articles of wood, convey an idea of similarity in the subject contemplated," the onus being with plaintiff.
Held: That the right of the exemption is not established.

APPEAL from the Civil District Court, Parish of Orleans.
Monroe, J.

Moise & Cahn and A. L. Tissot for Plaintiff and Appellee.

Henry Renshaw, Assistant City Attorney, Carleton Hunt, City Attorney, and Wynne Rogers, Attorney for Tax Collector, for Defendants and Appellants.

The opinion of the court was delivered by

BREAUX, J.   The plaintiff, a manufacturer of wire furniture, claims exemption from taxation under Art. 207 of the Constitution.

He is assessed for $6000.

Eleven-twelfths of the property is used in the manufacture of wire furniture and the remainder is used in carrying on business not exempt from taxation.

All the facts necessary for exemption are shown; if the manufacturer of furniture of wire is such a manufacturer of furniture as exempts him from taxation.

The District Court ordered the cancellation of the assessment in excess of $500.

The sole question for our decision is whether, in so far as relates to furniture, the exemption is limited to wooden furniture?

The article under which the exemption is claimed reads:

" There shall also be exempt from taxation and license, for a period of twenty years from the adoption of the Constitution of 1879, the capital, machinery and other property employed in the manufacture of textile fabric, leather, shoes, harness, saddlery, hats, flour machinery, agricultural implements, manufacture of ice, fertilizers and chemicals, and furniture and other articles of wood, marble or stone, soap, stationery, ink and paper, boat building and chocolate, provided that not less than five hands are employed in any one factory."

The furniture of which plaintiff is manufacturer is made of wire, such as chairs, lounges, baths, beds, etc.

70

The authorities representing the defendant State, contend that wire furniture is not within the exemption contemplated.

On the part of the plaintiff it is contended, that at the time of the adoption of the law, it was well known that furniture was made from other material than wood; that it can be and was made of iron, brass, wire; that in interpreting this law the court must be guided by the rule that generic terms cover every species, unless the term in its extent is specially limited.

That if it was the intention of the makers of the law to confine the meaning of the generic term and place a limitation on its scope, they would have used words to do so, and not left to presumption what might with a phrase have been made certain.

The District Judge, for whose judgment we entertain high regard, in his opinion, states, "that the first impression which one derives upon reading this article is probably, that in so far as the exemption is intended to be extended to furniture, it is indefinite, and limited by the adjective 'wood' which follows, and hence, that only furniture manufactured of that particular article or substance is within the meaning of the language."

That a more careful consideration of the subject led him to the conclusion that the first impression is an erroneous one, and that the main adjective " wood," as well as those which follow it, limit or modify, not the word furniture, but the phrase " and other articles," which succeed it, and that furniture, no matter of what substance, is exempt, whilst with respect to " all other articles " they must be of some one or the other of the substances designated in order to enjoy such exemption.

We will affirm the first impression of the court, for after careful consideration we are led to accept it as correct.

The question is not free from difficulty; the meaning is doubtful.

The exemption is stated, by the word furniture, but immediately after follow the words " and other articles of wood."

If it be a qualifying phrase, it applies to furniture.

" And other articles of wood " convey the meaning that the exempted property is of that material. The word "articles" connotes furniture as well as other property.

By " other," furniture is qualified.

The word " other " must relate to the preceding or last anteced-

Gast vs. Assessors et al.

ent, unless it is clearly evident, from the nature of things, that it is not a qualifying term.

It is urged, with some force, that, had the law-making authority intended to limit the exemption, as contended by the defendants, they would have used the qualifying adjective wooden, and would have exempted "wooden furniture."

The word wooden was not used as a qualifying adjective just preceding furniture.

But, immediately succeeding, we have furniture " and other articles of wood.".

The question is propounded by plaintiff's counsel:

"Manufacturers of shoes are exempt. The Constitution reads, 'leather, shoes, harness and saddlery.'

"If the manufacturer of a cloth shoe was before the court, would the court hold that only shoes manufactured of leather came within the meaning of the law?"

The question propounded does not suggest any difficulty, and answers itself in the negative.

If, instead, the exempting clause were to read, "shoes and other articles of leather," the manufacturer of cloth shoes would not be exempt.

If " other " does not qualify furniture, it serves no purpose.

In so far as relates to articles of wood, marble, stone, and other materials, if intended to qualify them, it is used idly, and signifies nothing.

The second rule of interpretation "is to give all doubtful words or expression that sense which makes them produce some effect." Potter's Dwarris, p. 136.

In the construction of a statute, a limiting clause is to be restrained to the last antecedent, unless the subject matter requires a different construction. David Cushing and Another vs. Paul B. Herrick, 9th Gray, 382.

In the pending case we have not discovered that the subject matter requires a different construction.

"General words are not to be extended to what follows, unless clearly so intended." Axon vs. Doland, 2 Daly, 66.

The range of argument suggests the importance of stating that our conclusion relates to furniture of wire.

We do not decide that "other articles" limits the exemption to furniture.

This matter received consideration in the cases of Martin vs. City of New Orleans, 38 An. 397, and is not before the court.

We decide that furniture "and other articles of wood" must be of wood in so far as relates to the qualifying word, and their immediate antecedent.

The well known and universally prevailing principle of interpretation, that statutes comprising exemptions should be strictly construed, is specially emphasized in the jurisprudence of this State.

"In such case doubt is fatal."

"Plausible hesitation warrants an adverse finding." 42 An. 1102; 41 An. 998; 42 An. 1121; 34 An. 958.

In the case of Jones et al. vs. Ranies, it was held: "It is worthy of note that in the enumeration, each kind of manufacture is treated as a distinct and separate subject, and all are separated from each other by a comma, except the manufacture of furniture and 'other articles of wood,' which are not thus separated, and thus convey an idea of similarity in the subjects contemplated or provided for."

From the case of Carre vs. City, 41 An. 999, we extract:

"The articles of wood mentioned in the article of the Constitution are therefore those which like furniture," etc.

The article of the Constitution.

The words "furniture and other articles of wood."

The application of the rules of construction and the decisions of courts have forced on us the conclusion that the plaintiff is not exempt from the payment of taxes.

It is, therefore, ordered and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now decreed that there be judgment in favor of defendants, denying plaintiff's claim to exemption and maintaining the validity of the assessment in its entirety.

That the plaintiff pay the costs of both courts