## No. 11,015.

### W. S. Benedict vs. City of New Orleans.

A foundry in which "railing posts and bridges and such other things" are manufactured, and iron, brass and other metals are cast, is not exempt from taxation under the article of the Constitution exempting capital, machinery and other property employed in the manufacture of machinery or agricultural implements, unless they are used in the said manufacture of machinery or implements.

It is not proven that one of the articles enumerated was employed in the manufacture of machinery or agricultural implements. They are, therefore, not exempt. A foundry consists of works for the casting of metals; they are not necessarily employed in the manufacture of machinery or agricultural implements, as when railings, posts and bridges are made.

The surrender of the power of taxation is never presumed.

It will not be presumed, in the absence of evidence, that the foundry was used for casting and moulding any other articles than those proven.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Bernard McCloskey* for Plaintiff and Appellee.

*W. B. Sommerville*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.    Plaintiff is the owner of a lot on St. Louis street in this city.

It was occupied as a foundry from 1886 to the beginning of the year 1890, at which time the foundry was demolished.

It was advertised for sale for the taxes of 1886 and subsequent years, to and including the year 1891.

The plaintiff, in his petition for an injunction, alleges that the property was used as a foundry in which more than five hands were employed.

He claims exemption from taxation under Art. 207 of the Constitution, from which we extract the following: "There shall also be exempt from taxation and license * * * the capital, machinery and other property employed in the manufacture of machinery, agricultural implements, provided that not less than five hands are employed in any one factory."

The facts are that plaintiff did own a foundry which was demolished as he alleges, in which castings were made for "railings, posts and bridges, and such things."

"Iron, brass and other metals" were cast and manufactured at the said foundry, and more than five hands were employed.

The judgment of the District Court was in favor of plaintiff, and the defendant appeals.

Machinery is defined as parts of a machine considered collectively, also as the combination of mechanical means to a given end, such as the machinery of a locomotive, or of a canal lock, or of a watch.

Machinery comprises different mechanical appliances, and is more extensive in meaning than machine.

It does not, however, cover railings, posts and bridges, and such things.

They are not, in any respect, parts of machinery.

Plaintiff truly says that pig iron and scrap iron, and other materials, are used in the manufacture of machinery and of agricultural implements. This does not include the articles first enumerated, viz.: "railings, posts and bridges."

A foundry consists of works for the casting of metals.

They may be used in the manufacture of machinery and agricultural implements.

They may also be used in the manufacture of other articles such as those cast and moulded in plaintiff's foundry.

It will not be presumed, because a foundry is operated, that other articles of property are cast, falling within the express terms of the exemption.

There are other castings of iron, brass and other metals in foundries which are not used at all in machinery or agricultural implements.

It was proven that the property manufactured was that which we have enumerated; no other was proven.

The right of taxation or "any other sovereign power will not be held to have been relinquished unless the intention is expressed in terms too plain to be mistaken." Hare's American Constitutional Law, p. 664.

"Taxation is an act of sovereignty to be performed so far as conveniently can be with justice and equity to all, and exemptions, however meritorious, are acts of grace, and must be strictly construed and every reasonable intendment must be made that it was not the design to surrender the power of taxation." Desty on Taxation, p. 80.

Under the most liberal interpretation the works on the lot referred to were not exempt.

To obtain an exemption it must be shown that at least one of the articles cast at the foundry or manufactured at its forge, or at its turning lathes or mouldings, is employed in the manufacture of machinery or agricultural implements.

Affirmative showing is an essential. Company vs. Parker, 42 An. 1103.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided, annulled and reversed, and it is now decreed that plaintiff's demand be rejected at his cost in both courts.