No. 11,956.

CRESCENT CITY SELTZ AND MINERAL WATER COMPANY VS. THE CITY OF NEW ORLEANS.

The making of soda, seltz and similar drinks is not within the constitutional exemption of property employed in manufacturing chemicals. Constitution, Article 207, as amended by Act No. 92 of 1886, p. 120.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Horace E. Upton* and *Anatole A. Ker* for Plaintiff, Appellant.

---

*E. A. O'Sullivan*, City Attorney, *L. O'Donnell, George W. Flynn*, Assistant City Attorneys, for Defendant, Appellee.

---

Argued and submitted March 27, 1896.
Opinion handed down April 6, 1896.

The opinion of the court was delivered by

MILLER, J.   The plaintiff claims an exemption from taxation on property alleged to be employed by the company in the manufacture of chemicals.   The appeal is by plaintiff from the judgment denying the exemption.

The plaintiff, with the necessary apparatus and appliances, makes soda water, vichy, seltzer and similar drinks.   To support their contention, they must maintain these drinks are chemicals.   Constitution, Article 207, as amended by Act No. 92 of 1886.

The process of manufacture of these waters is to subject carbonate of lime or bicarbonate of soda to the action of sulphuric acid; this results in freeing carbonic acid gas, and sulphate of lime is formed; the gas is absorbed in water and the product is the carbonated drink ready for use.   We can not appreciate the reasoning by which these carbonated waters are to be deemed chemicals.   The plaintiff's witnesses state that muriatic acid is produced by a process of similar character applied to different ingredients, and as muriatic acid is deemed a chemical, therefore he reaches the conclusion that carbonated drinks are to be deemed chemicals.   The exemption is property employed in the manufacture of chemicals, and we are asked to hold that soda and similar drinks are chemicals because the making of such waters depends in part on the result of a chemical process.

The plaintiff attempts to sustain his contention by one of the definitions he finds in the Century Dictionary.   There is also another in that, as well as in Webster and Worcester.   We are not called on to construe the meaning in its fullent extent of chemicals, as used in the Constitution.   But it is clear to us, the framers of the Constitution never intended, by exempting property employed to manufacture chemicals, to exempt all compositions or mixtures derived in part from the result of any and all chemical processes.   That would be straining language, and a wide departure from the rigid interpretation applied to all tax exemptions.   We think we are entirely safe in holding that soda, seltz and similar drinks are not chemicals, and if it had been the intent to exempt the making of such waters from taxation, it would have found plainer expression than can with any reason be deduced from exempting property employed to manufacture chemicals.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.