(113 So. 801)

No. 28605.

**PEARCE et al. v. COUVILLON, Tax Collector, et al.**

July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Taxation**  &#8258;204(1)—Town maintaining graveled streets with concrete sidewalks held not one maintaining system of "street paving" as affecting exemption from parochial taxes (Const. 1921, art. 14, § 8).

Incorporated town, maintaining several miles of graveled streets, with concrete side-walks laid along parts of such graveled streets, *held* not a town maintaining a system "of street paving" within meaning of Const. 1921, art. 14, § 8, providing exemption from parochial taxes (citing Words and Phrases, "Pave—Pavement").

2. **Taxation**  &#8258;204(1)—Tax exemption must be unequivocally and affirmatively established; provisions therefor being strictly construed.

An exemption from taxation is an exceptional privilege which must be clearly, unequivocally, and affirmatively established; provisions for such exemption being strictly construed.

Appeal from Twelfth Judicial District Court, Parish of Avoyelles; L. P. Gremillion, Judge.

Suit by John S. Pearce and others against C. P. Couvillon, Tax Collector, and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Joffrion & Joffrion, of Marksville, for appellants.

Lester L. Bordelon, Dist. Atty., and N. I. Normand, both of Marksville, for appellees Police Jury and Assessor.

Porterie & Bordelon, of Marksville, for appellees Police Jury and Tax Collector.

BRUNOT, J. This is a suit by resident property owners of Bunkie to enjoin the collection of 2 mills of a 4-mill tax levied by the police jury of Avoyelles parish for general parochial purposes. A preliminary injunction was issued, several exceptions were filed and overruled, issue was joined on the merits, the case was tried, and, from a judgment sustaining the validity of the tax levy, dissolving the preliminary injunction, and dismissing the suit, the plaintiffs appealed. The defendants have answered the appeal, and pray that the judgment be amended to the extent that defendants' exception of no cause of action to the petition of intervention filed by the town of Bunkie be sustained, and, as thus amended, that the judgment be affirmed.

[1] It is admitted that Bunkie is a duly incorporated town, having a population in ex-

cess of 1,000 inhabitants according to the last census; that the indebtedness of Avoyelles parish, as of date January 1, 1921, was paid or funded into bonds prior to the levy of the tax which gave rise to this suit; that Bunkie has and maintains several miles of graveled streets, with concrete sidewalks laid along parts of the graveled streets; and that this suit, on the merits, presents but one question for decision, viz.: Whether or not the town of Bunkie provides and maintains a system of street paving within the meaning and intendment of section 8, art. 14, of the Constitution of 1921. The section is as follows:

"No parish, parish of Orleans excepted, shall levy for parochial purposes, on property located wholly within incorporated cities and towns of the state, having a population in excess of one thousand (1,000) inhabitants, according to the last census, which provide and maintain systems of street paving, any general parochial tax in excess of one-half the levy for general parochial purposes; provided, that this section shall not apply in a parish which had a general unbonded indebtedness on January 1st, 1921, until said debt has been paid or funded into bonds."

The plaintiffs contend that graveled streets with concrete sidewalks fall within the definition of *paving*, and the maintenance of such streets and sidewalks is a *system of paving* within the meaning of the section of the Constitution quoted supra. The defense is that the spreading of loose gravel on a dirt foundation is not *paving*. That paving consists in laying some suitable substance on a compact foundation so as to form a hard or level surface.

Our research discloses that counsel, in their briefs, have cited practically all of the definitions of the word *paving* which is found in the books, and, to the same extent, have cited the authorities which have applied that term. We will quote the following:

"To pave is to lay or cover with brick or other material so as to make a firm, level, or convenient surface for horses, carriages, or persons on foot to travel on; to floor with brick, stone, or other materials—as to pave a street; to pave a court. Any substance which is spread upon a street so as to form a compact, hard, or level surface or floor may be properly designated as pavement." Am. & Eng. Ency. of Law, vol. 22, p. 507.

Elliott on Roads and Streets, p. 617, thus defines pavement:

"Pavement is not limited to uniformly arranged masses of solid material, or blocks of wood, brick, or stone, but it may as well be formed of pebbles, or gravel, or other hard substances which will make a compact, even, hard way or floor."

In 6 Words and Phrases, First Series, p. 5239, we find the following:

"To pave is to lay or cover with stone or brick," or other suitable material, "so as to make a level or convenient surface for horses, carriages, or foot passengers."

The definition given in Funk and Wagnalls, p. 1813, follows:

"A hard, solid surface covering for a floor, road, or factory. * * * Pavements are commonly of stone, brick, concrete, asphalt, or wood; the qualities especially desired being levelness, cheapness, and resistance to water, air, and the strain of traffic."

New Students' Reference Work, vol. 111, p. 1430, gives this definition:

"Pavement, a covering of stone, brick, wood, cement, or asphalt, placed on a street or road to give a hard and easier surface for travel. (See Asphalt, Brick, Cement, Stone, and Wood.) It is to be distinguished from the gravel and stone coating put on country roads. * * * The first thing necessary in a pavement is a good foundation. The work on the foundation depends largely upon the character of the soil and whether it is well drained or not. The best foundation is a layer of concrete, varying from 6 to 12 inches thick according to the loads to be sustained," etc.

Plaintiff cites the case of City of Little Rock v. Fitzgerald, 59 Ark. 494, 28 S. W. 32, 28 L. R. A. 496. The point in that case was whether the statutory power to require lot owners to build and maintain sidewalks also conferred upon the city the power to require the abutting owners to make the necessary

excavations to bring the sidewalk to grade. No question as to the kind of material used or the manner of laying the sidewalk was at issue. In the text of the opinion, however, the court says:

"A pavement is not limited to uniformly arranged masses of solid material, as blocks of wood, brick, or stone, but it may be as well formed of pebbles or gravel or other hard substances which will make a compact, even, hard way or floor."

The cases of Burnham v. Chicago, 24 Ill. 496, In re Phillips, 60 N. Y. 1622, and Lilienthal v. Yonkers, 6 App. Div. 138, 39 N. Y. S. 1037, are to the same effect. In the Lilienthal Case, the court said:

"The meaning of the word [pavement] cannot be limited by the particular material used on the street, nor has it reference solely to the manner in which the material is spread upon the street."

We have read all of the authorities cited in both briefs, and, while those relied upon by the plaintiffs hold that the particular material used for paving purposes and the particular manner in which it is spread on the street or road are matters of secondary importance, all of them hold that the prime consideration in every case involving the question of paving is whether or not the surface of the street or road has been treated in a manner such as to make it an even, hard way or floor. Every act of the Legislature of this state, upon the subject-matter, distinguishes paved streets and highways from ordinary graveled or macadamized roads. All of these acts specifically authorize cities and towns of the state coming within the provisions of the act, as to population, to *pave, gravel, macadamize*, or otherwise improve their streets and alleys. Acts 25, 26, and 107 of 1916; Acts 168 and 215 of 1926; Act 210 of 1914; Act 187 of 1920; Act 241 of 1912.

We quoted supra from the case of Lilienthal v. Yonkers, 6 App. Div. 138, 39 N. Y. S. 1037, an utterance of the court which plain-

tiffs stress. We will now quote from that opinion the following:

"We deem it sufficient in this case to state our conclusions upon the questions presented, and the result we have reached upon the whole case:

"1. The work done on North Broadway in the year 1875, and for which an assessment was levied upon the plaintiff's property, was not paving. In the assessment roll put in evidence by the plaintiff, the work is designated as 'graveling.' The claim that the road was paved appears to rest upon the provision of the specifications that it was to be 'ballasted' with stone. This was required, however, only upon a strip 20 feet wide, 'where designated on the plans,' and it is conceded that the points so designated on the plans were all south of the plaintiff's property. The estimates for ballasting and graveling contained in the specifications show that the road was to be ballasted upon less than one-fifth of its entire length. It was to be covered over its entire length with five inches of gravel and one inch of earth, which was to be rolled with a city roller, as directed by the inspector in charge. The charter of the defendant distinguishes between graveling and paving, and the work done in 1875 could not, in our judgment, be properly designated as a pavement.

"2. The work for which the present assessment was levied was pavement. In the specifications the work to be done on the street is designated as 'macadam pavement' and 'Telford pavement.' The 'gutter pavement' was to be of stone. The character of the work called for fulfills the meaning of the word 'pavement,' as defined by lexicographers, and as it is understood in ordinary intercourse. The meaning of the word cannot be limited by the particular material used on the street, nor has it reference solely to the manner in which the material is spread upon the street. Any substance which is spread upon the street so as to form a compact, hard, or level surface or floor may be properly designated as 'pavement.'"

In McNair v. Ostrander, 1 Wash. St. 110, 23 P. 414, the court criticised the definition of the word "pavement" given in the case of City of Little Rock v. Fitzgerald. It said:

"A pavement is not limited to uniformly arranged masses of solid material, as blocks of wood, brick, or stone, but it may be as well formed of pebbles, or gravel, or other hard substance, which will make a compact, even, hard way or floor." City of Little Rock v. Fitzger-

ald, 59 Ark. 498, 28 S. W. 32, 33, 28 L. R. A. 496, citing Burnham v. City of Chicago, 24 Ill. (14 Peck) 496. "In criticism of this definition it may be said that paving is a generic term, under which 'graveling' is the specific; and that while the generic includes the specific, as the greater the less, the reverse does not follow."

The authorities are divided upon the question as to whether or not "macadamizing" comes within the meaning of the term "paving." The best reasoned opinions, however, hold that it does not; but, be this as it may, counsel have not furnished us with an authority, and we have failed to find a case, in which it was held that the spreading of loose gravel upon a dirt road can, under any circumstances, be considered as paving, and that is the system of streets, according to the expert testimony of Mr. W. E. Atkinson, which is provided and maintained by the town of Bunkie. When gravel is mixed with sand and cement, it may be laid so as to form a hard, level surface or pavement, but not otherwise. While the street proper extends from property line to property line and embraces not only that part of the street which is used for vehicular traffic, but also the sidewalks, in the strict use of the word and its common acceptation, when we speak of street paving, we are understood to have reference to that part of the street from curb to curb. The remaining part of the street we designate the sidewalks. The various acts of the Legislature on the subject of streets and sidewalks, in fact, all of the authorities, distinguish the two, thus adopting the common acceptation of the word "street" rather than its broader signification.

[2] The object of plaintiffs' suit is to secure an exemption from taxation. Such an exemption is an exceptional privilege, and it must be clearly and unequivocally and affirmatively established, for it is an elementary rule of construction in our jurisprudence that exemptions are strictly construed. Baton

Rouge & R. Co. v. Kirkland, 33 La. Ann. 622; Jones v. Raines, 35 La. Ann. 997; State v. Board of Assessors, 35 La. Ann. 668; Morehouse Parish v. Brigham, 41 La. Ann. 665, 6 So. 257; Carre v. New Orleans, 42 La. Ann. 1119, 8 So. 399; Ivens v. Parker, 42 La. Ann. 1103, 8 So. 399; Gast v. Board of Assessors, 43 La. Ann. 1104, 10 So. 184; Benedict v. New Orleans, 44 La. Ann. 793, 11 So. 41; Robertson v. New Orleans, 45 La. Ann. 617, 12 So. 753, 20 L. R. A. 691; Shreveport Gas & Power Co. v. Assessor, 47 La. Ann. 65, 16 So. 650; Crescent City S. & M. Water Co. v. New Orleans, 48 La. Ann. 768, 19 So. 943; Louisiana & N. W. R. R. Co. v. State Board of Appraisers, 108 La. 14, 32 So. 184; State v. American Sugar Refining Co., 108 La. 603, 32 So. 965; State v. New Orleans R. & Light Co., 116 La. 144, 40 So. 597, 7 Ann. Cas. 724.

In the case of Louisiana & N. W. R. Co. v. State Board of Appraisers, 108 La. 14, 32 So. 184, the question was whether 18.48 miles of plaintiff's railroad was exempt from taxation. The court, after finding that the testimony left much to be desired in the way of convincing force, said:

"If, however, the question were more doubtful than we think it is, we should still be constrained to affirm the judgment rejecting plaintiff's demand. The case belongs to a class of which it has been said: 'The rule of construction in this class of cases is that it should be most strongly construed against the corporation. Every reasonable doubt is resolved adversely. Nothing is taken as conceded but what is given in unmistakable terms, or by an implication equally clear. Silence is negation, and doubt is fatal to the claim.'" Northwestern Fertilizing Co. v. Hyde Park, 97 U. S. 659, 24 L. Ed. 1036; Yazoo & Miss. Valley R. R. Co. v. Thomas, 132 U. S. 185, 10 S. Ct. 68, 33 L. Ed. 302; Ford v. D. & P. Land Co., 164 U. S. 666, 17 S. Ct. 230, 41 L. Ed. 590; City v. Robira, 42 La. Ann. 1098, 8 So. 402, 11 L. R. A. 141.

Having found that Bunkie has not provided and does not maintain a system of street paving, the trial judge properly dissolved the preliminary injunction and rejected the plain-

tiffs' demands. The defendants have answered the appeal and ask that the judgment be amended in one respect only, viz. that their exception of no right or cause of action, as to the petition of intervention filed by the town of Bunkie be sustained. Whether the court correctly or erroneously overruled that exception is immaterial. The conclusion we have announced disposes of the case, and no purpose will be served by further consideration of any other phase of it. For these reasons the judgment is affirmed, at appellants' cost.