THOMPSON, J.
 

 The police jury of Jeffer- ■ son parish levied for the year 1922 a parish wide tax of four mills on all taxable property within the parish.
 

 The sheriff and tax collector was proceeding to collect the tax on property located within the limits of the town of Westwego when the plaintiff, a property owner and taxpayer of said town, applied for an injunction. A preliminary injunction was issued, and after a trial on the merits the injunction was made permanent.
 

 Section 8, art. 14, Constitution of 1921, prohibits, under certain conditions, every parish in the state, except Orleans, from levying a tax for parochial purposes on property located wholly within incorporated cities and towns in excess of one-half of the levy fox-general parochial purposes.
 

 The conditions are that the city or town shall have' a population in excess of 1,009, 'and shall maintain systems of street paving. 'It was further provided that the limitations of the tax should not apply in a parish which had a general unbonded indebtedness on January 1, 1921, until said debt had been paid or funded into bonds.
 

 The trial judge based his judgment on the fact that the streets of the town had been surfaced with gravel which was included within the definition of paving, and brought the town within the meaning of the constitutional provision referred to.
 

 He also found that the exemption of the town from 50 per cent, of the general 'four-mill parish wide tax would not impair or in any manner affect the outstanding bond issue of the parish.
 

 The evideixee shows conclusively that the town has no paved or hard-surfaced streets whatever. The main street of. the town is a
 
 *272
 
 graveled street, and this is kept up by the police jury.
 

 All of the other streets of the town are gravel surfaced, and no pretense whatever has been made towards establishing a system of paved streets within the meaning of the Constitution.
 

 Since the judgment was rendered by the court below, we have had occasion to interpret section 8 of article 14 of the Constitution, and we held that an incorporated town maintaining several miles of gravel streets, with concrete sidewalks laid along parts of such graveled streets, was not a town maintaining a system “of street paving” within meaning of Constitution of 1921, art. 14, § 8, providing exemption from parochial taxes. Pearce v. Couvillon, 164 La. 156, 113 So. 801.
 

 The ruling in that case is decisive of the issue in the instant case. Indeed that case was a much stronger case in favor of the plaintiff than is the present case. For there the town had established some paved sidewalks along the gravel streets. Here there is no paved streets and no paved sidewalks.
 

 The judgment appealed from is reversed, and the demand of the plaintiff is .rejected, with costs in both courts.