ST. PAUL, J.
 

 On November 2, 1925, the defendant agreed to sell and plaintiff agreed to buy certain lots of ground in a subdivision which defendant was then'developing. By the terms of the agreement, defendant bound itself to “hard-surface” a certain avenue in said subdivision for a distance of approximately 4,800 feet.
 

 This is an action to annul said agreement and recover the amount paid on account thereof, on the ground that defendant has not complied with its part of the agreement by hard-surfacing said avenue as. aforesaid. The defense is that said avenue has been ■ hard-surfaced as agreed upon. The judgment below was for plaintiff, and defendant has appealed. ■ •
 

 
 *392
 
 I.
 

 The evidence shows that defendant has placed loose gravel on said avenue for the distance agreed upon, but said avenue is still impassable for at least half its length in rainy weather.
 

 And the only expert testimony in the record is that gravel is only a temporary surface, and that a hard-surface means an unyielding surface impervious to wind or water; and this we think is correct.
 

 We are referred to several authorities from other states holding that gravel is paving and even hard-surface paving; but we prefer to follow a former holding of our own, not only for the sake of uniformity, but also because we think it is more consistent with fact; and that former holding was that loose gravel laid upon a road, unmixed with sand and cement, cannot be considered as paving at all (and therefore much less as hard-surface paving). Pearce v. Couvillon, 164 La. 155, 113 So. 801.
 

 II.
 

 The trial judge allowed the plaintiff the full amount claimed in his petition, to wit, $2,721.50, but he overlooked the admission at the close of the testimony that the correct amount was the amount admitted in the answer, to wit, $2,330.46.
 

 But as this was a clear oversight, and might have been corrected by application for a new trial in the court below, which was not made, we will tax the cost of appeal to defendant under Act No. 229 of 1910.
 

 Decree.
 

 The judgment appealed from is therefore amended by reducing the amount allowed plaintiff from $2,721.50 to $2,330.46, with legal interest from judicial demand; and, as thus amended, said judgment is affirmed at the cost of the defendant in both courts.