# STATE OF NORTH DAKOTA, Respondent, v. IRA PELLET, Appellant.

## (204 N. W. 983.)

**Criminal law — great latitude should be allowed in examination of accomplice testifying for state; rulings on objections to questions whether accomplice testifying for state had received promise of leniency or immunity, constituted prejudicial error.**

Great latitude should be allowed in the examination of an accomplice. The defendant has a right to examine a witness for the state, admittedly an accomplice, for the purpose of showing the probability of interest or bias, and in the course of such examination may ask whether the witness has been arrested or prosecuted for the crime under investigation in the commission of which he was implicated with the defendant; and when the rulings upon objections to such questions, and the attitude of the trial court are such as, in effect, exclude inquiry whether the accomplice has received any promise of leniency or immunity from the state, the limitation upon the cross-examination constitutes prejudicial error.

Opinion filed August 12, 1925.

Criminal Law, 17 C. J. § 3658 p. 314 n. 68 New. Witnesses, 40 Cyc. p. 2511 n. 32, 33; p. 2662 n. 46; p. 2672 n. 91.

Appeal from judgment and order denying motion for a new trial; District Court of Cass County, *Cole*, J.

Reversed and a new trial ordered.

*Sinkler & Brekke,* and *Dudley L. Nash,* for appellant.

Conviction cannot be had upon the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense of the circumstances thereof. Comp. Laws, 1913, § 10,841; State v. Coudotte, 7 N. D. 109; State v. Kent, 4 N. D. 577; State v. Kellar, 8 N. D. 563.

Where the character or reputation of the accused is not an element of the crime charged, the prosecution cannot put it in issue by offering evidence thereof. Nor can it do so in the first instance by cross-exam-

Note.—Scope of cross-examination of accomplice, 1 R. C. L. 166.

ining the defendant's witnesses as to character or reputation. 3 Enc. Ev. 12 cases cited.

Except so far as the character of the accused for veracity may be attacked when he is a witness, the state cannot show his bad character in the first instance. Underhill, Crim. Ev. 3d ed. § 137.

Generally it is error to admit evidence independent of the crime charged of other offenses or prior to the conviction for other offenses. Underhill, Crim. Ev. 3d ed. 150 et seq.

The law does not permit the state to go outside of the issues and to introduce evidence of other separate and extraneous offenses of the misconduct of the defendant which has no natural connection with the pending charge, and which are intended to prejudice the defendant in his defense. Dunn v. State, 70 N. E. 521; Munson v. State, 121 Pac. 438; Porter v. State, 91 N. E. 340.

Statements of an alleged co-conspirator regardless of whether a conspiracy has been proved or not, are incompetent where they are not made in the presence of the defendant, relate to acts previously done or to be done in the future, and are not made in furtherance or in prosecution of the common purpose. State v. Moeller (N. D.) 126 N. W. 568.

*L. S. B. Ritchie,* State's Attorney, and *H. A. Olsberg,* for respond-

*Geo. F. Shafer,* Attorney General, *L. S. B. Ritchie,* State's Attorney, and *H. A. Olsberg,* for respondent.

The question of whether the participation of a witness in a crime makes him an accomplice is one of fact for the jury to determine from all of the circumstances. 12 Cyc. 449.

Whether the witness is in the position of an accomplice or not does not depend at all upon the strength or weight of his testimony, but solely upon its tendency, if true, to connect him with the offense of which he testifies. Com. v. Ford, 111 Mass. 394; State of Iowa v. Lucas, 10 N. W. 868.

The question of whether or not a witness is an accomplice is a question of fact for the jury. State v. Haynes (N. D.) 75 N. W. 267: State v. Kellar (N. D.) 80 N. W. 476.

It is not essential that such corroborative evidence should cover every material point, or be sufficient alone to warrant a verdict of guilty.

State v. Kent (N. D.) 62 N. W. 631; State v. Reilly (N. D.) 133 N. W. 914.

The corroboration required by § 10,841, Comp. Laws, 1913, need not extend to every material point, or be sufficient standing alone to support a verdict of guilty. If the testimony of an accomplice be corroborated as to some material fact or facts, the jury may infer that he speaks the truth as to all. State v. Smith (N. D.) 199 N. W. 187.

As a general rule it may be said that anything having a legitimate tendency to throw light upon the accuracy, truthfulness and sincerity of a witness is proper to be shown and considered in determining the credit to be accorded to his testimony. 40 Cyc. 2572.

The court will take judicial notice of the laws of a sister state when the printed and authenticated volumes are presented to the court for examination. Comp. Laws, 1913, subd. 63, § 7938.

Johnson, J. The defendant was convicted of the crime of grand larceny. On or about the 6th day of June, 1924, one Barney Cavin stole an automobile belonging to Charles K. Otto of Valley City, this state, from the owner's garage, and took it to Tolley, a village in Renville county, where the defendant at that time lived. Cavin was a son-in-law of the defendant. The defendant was convicted as a principal, under § 9218, Comp. Laws 1913, on the theory that he had "advised and encouraged" the commission of the crime. Cavin pleaded guilty to the crime of larceny and testified as a witness in behalf of the state. Cavin had seduced defendant's daughter, and there is evidence tending to show that the marriage, which took place a few days before the conspiracy to steal the automobile was formed, was one entirely of convenience. The third side to the triangle of crime as disclosed in the record, was made by one A. R. Taute, a pool hall proprietor at Tolley. The state contends that Pellet, Cavin and Taute met at the latter's home and there agreed that Cavin would steal a car for Taute, and that Pellet furnished the security for the cash payment of $150, made by Taute at the time in anticipation of Cavin's success in finding a suitable automobile. Taute admits that he knew Cavin intended to steal a car and that when the automobile was delivered to him he knew it was stolen property. Upon the face of the record it is clear that Taute

and Cavin were accomplices, and it would have been proper to so instruct the jury. The defendant contends that Mrs. Taute was also an accomplice, and that a peremptory instruction to that effect should have been given. This point need not be decided. She denies knowledge of the conspiracy; her husband's testimony, however, strongly tends to support the view that she knew such suspicious facts, and circumstances of such an incriminating nature that she probably was aware of the existence of the conspiracy in all its essential aspects. In any event, we think it was a question for the jury whether she was an accomplice, and that a peremptory instruction would not have been justified in the circumstances.

Many errors are assigned. Only one need be considered. Taute was under cross examination by defendant's counsel; witness had admitted that he had been guilty of and punished for gambling and bootlegging, whereupon many questions were asked with reference to a fight with defendant and the presence of minors in the pool-room operated by the witness; counsel then left this subject and asked about the transactions between defendant and this witness which culminated in the crime of which defendant was convicted. After the witness had detailed the circumstances of the conspiracy, the following took place:

Q. I want to get the facts just as they are; you have made a statement to the state's attorney in regard to this matter, haven't you?

A. Yes, sir.

Q. And you made an affidavit about it, didn't you?

A. Yes.

Q. And you have told this same story that you told on the witness stand, haven't you in substance?

A. Yes, sir.

Q. And you have never been arrested for these offenses you committed up there, have you?

Mr. Ritchie: Objected to as immaterial.

The Court: The objection is sustained. The fact of an arrest should not go before the jury.

Mr. Sinkler: If your honor please, I am not criticising that proposition; but the purpose of this testimony is that if he told the state's

attorney just exactly what he has testified to here, he is equally guilty with Barney Cavin and nothing has been done, and it means this, that some promises must have been held out to this man for the purpose of influencing his testimony.

The Court: The jury will disregard all this talk as it is not for the jury at all and is no part of the evidence to come before you.

The defendant contends that it was prejudicial error to exclude inquiry into facts which might disclose that the witness had an interest or felt a bias that tended to color his testimony. Counsel made his purpose clear. There is no room for the construction which the state seeks to put on this part of the record to the effect that the true object of the examination was obscure and that the phrase "these offenses" really referred to the offenses of gambling and bootlegging of which Taute had admitted himself to have been guilty. That particular subject had been abandoned and an entirely new line of examination commenced. Moreover, defendant's counsel expressly stated to the court that his purpose was to unfold before the jury a situation, with respect to the failure of the state to prosecute this witness, that would cast doubt upon the existence of that wholly disinterested frame of mind, essential to complete confidence in the candor of a witness. The expression "these offenses" was clearly justified and proper with reference to the crime under investigation. Taute's own story up to this point in the trial, revealed that he was guilty of at least three crimes, namely: conspiracy, receiving stolen property, and grand larceny. We see no escape from the conclusion that it was prejudicial error to close this avenue of examination. It has been the law in this jurisdiction for over thirty years that great latitude should be allowed in the examination of an accomplice. In the fifth paragraph of the syllabus to the case of State v. Kent, 4 N. D. 577, 27 L.R.A. 686, 62 N.W. 631, it is said:

"Held, further, that it was error to refuse to permit counsel for the accused to prove, as bearing upon the credibility of the accomplice, that no proceedings whatever had been instituted against him for the murder he had confessedly committed, although several months had elapsed since he had confessed his connection with the crime."

See also State v. Ritz, 65 Mont. 180, 211 Pac. 300; 40 Cyc. 2511. There must be a new trial. It is so ordered.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.