FOURNET, Chief Justice
(dissenting).
A trial judge in exercising the discretion vested in him to restrict the cross examination of witnesses in the trial of criminal cases should do so within legitimate bounds; and when the prosecution relies principally if not altogether upon the testimony of the accomplice great latitude must be allowed in his cross examination by the defendant. See 3 Wharton’s Crim.Ev. (11th Ed. 1935) 2169, Sec. 1297; 70 C.J., Verbo Witnesses, 679, Sec. 832(b); State v. Rose, 339 Mo. 317, 96 S.W.2d 498; Lee v. State, 21 Ohio St. 151; Gibbs v. State, 37 Ariz. 273, 293 P. 976, 74 A.L.R. 1105; State v. Pellet, 53 N.D. 183, 204 N.W. 983; State v. Coates, 22 Wash. 601, 61 P. 726; People v. Durand, 321 Ill. 526, 152 N.E. 569; People v. Schmitz, 7 Cal.App. 330, 94 P. 407, 419, 15 L.R.A.,N.S., 717; People v. Bydalek, 40 N.E.2d 595, 313 Ill. App. 631, 40 N.E.2d 595, affirmed, 381 Ill. 330, 45 N.E.2d 849. Consequently, the trial judge, in curtailing as he did in this case the cross examination of the alleged accomplice, Gallagher, abused his discretion, and the defendant is entitled to a new trial.