ST. PAUL, J.
 

 This is an action by the town of Winnsboro to restrain the assessor, the tax collector, and the parish of Franklin, from collecting from the inhabitants of said town more than one-half of the general parochial tax. It is based on section 8 of article 14 of the Constitution of 1921, which reads as follows:
 

 “No parish, parish of Orleans-excepted, shall levy for parochial purposes, on property located wholly within incorporated cities and towns of this state, having a population in excess of 1,000 inhabitants, according to the last census,
 
 which provides and maintains systems of street paving,
 
 any general parochial tax in excess of one-half the levy for general parochial purposes; provided, that this section shall not apply in a parish which had a general unbounded indebtedness on January 1st, 1921, until said debt has been paid or funded into bonds.” (Italics ours.)
 

 I.
 

 It is admitted that all of the conditions necessary for said exemption are present in. this case,
 
 ecocept
 
 that it is denied that the town of Winnsboro “provides and maintains a system of street paving.” It is admitted, however, that the town has laid and maintains 2,800 lineal feet of concrete pavement, all provided for by assessment against the property owners through the regular channels of the town government; that is, under ordinances passed and contracts let by the town council.
 

 II.
 

 We think the town has a right to stand in judgment for its inhabitants in a case like this. It is a matter of public concern, affecting the town itself and all of its inhabitants alike, and a judgment for or against the town will be binding on all the inhabitants thereof. Bott v. Lakowski, 154 La. 375, 97 So. 562.
 

 III.
 

 We also think that the benefit of the exemption applies to all towns which have begun in good faith, and have pursued in good faith, according to its' needs, the paving of its streets with permanent hard-surface roadways. It was undoubtedly the intention of the Constitution to encourage the paving of city streets with hard-surface material. Cf. Pearce v. Couvillon, 164 La. 155, 113 So. 801. But to all such things there must be a beginning; and the only question in such cases is whether such beginning was in good-faith and not a mere pretext for escaping parish taxation, for the only requirement of the Constitution is that "the municipality shall (in good faith) “provide and maintain” such a system. It is not pretended here that the town is not proceeding in good faith with a system of hard-surface street paving; and it is of no consequence that the pavement which has actually been completed at this time was undertaken at the instance of the property holders, and was paid for entirely by themselves. This only goes to show that the inhabitants of the town are in earnest in wanting their streets paved, and their wishes will certainly -be reflected in the action of their town council elected by themselves. The judgment below was correct.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.