142 So. 689

## TOWN OF JONESBORO v. JACKSON PARISH POLICE JURY et al.

### No. 31688.

May 23, 1932.

W. E. McBride, Dist. Atty., of Ruston, for appellants.

Wm. J. Hammon and H. W. Ayres, both of Jonesboro, for appellee.

LAND, J.

The town of Jonesboro is an incorporated municipality with a population of 2,000 inhabitants, and with an assessed property valuation of approximately $750,000 for the year 1931.

Plaintiff alleges that it provides and maintains a system of street paving, and that the property located within the limits of the town is therefore exempt, under section 8 of article 14 of the state Constitution, from the payment of one-half of a general 4-mill tax levied thereon by the police jury for Jackson parish, for general parochial purposes for the year 1931.

In the present suit, plaintiff seeks to have this levy, as to the 2 mills on the property within the town limits, declared illegal, null, and void, and to enjoin the police jury, assessor, and tax collector of Jackson parish from levying, assessing, and collecting this 2-mill tax.

The lower court rendered judgment in favor of plaintiff as prayed for, and from this judgment defendants have appealed.

Section 8 of article 14 of the Constitution of 1921 provides that: "No parish, parish of Orleans excepted, shall levy for parochial purposes, on property located wholly within incorporated cities and towns of the State, having a population in excess of one thousand (1000) inhabitants, according to the last census, *which provide and maintain systems of street paving*, any general parochial tax in excess of one-half the levy for general parochial purposes; provided, that this section shall not apply in a parish which had a general unbonded indebtedness on January 1st, 1921, until said debt has been paid or funded into bonds."

It is admitted that Jackson parish had no general unbonded indebtedness on January 1, 1921. Therefore the above section of the state Constitution applies to that parish. This section also applies to the plaintiff, the

town of Jonesboro, in so far as population is concerned, as it has 2,000 inhabitants.

But, in our opinion, the town of Jonesboro does not provide and maintain such a system of street paving as the Constitution contemplates and requires.

In Town of Winnsboro v. Price et al., 165 La. 702, 115 So. 908, we had occasion to interpret section 8 of article 14 of the present Constitution. In that case we said in part: "It is admitted that all of the conditions necessary for said exemption are present in this case, *except* that it is denied that the town of Winnsboro 'provides and maintains a system of street paving.' It is admitted, however, *that the town has laid and maintains* 2,800 lineal feet of concrete pavement, *all provided for by assessment against the property owners through the regular channels of the town government; that is, under ordinances passed and contracts let by the town council.*" (Italics ours.)

In the instant case, however, the town of Jonesboro has not provided, nor does it maintain, any separate paving program whatever. During the year 1930, the Louisiana highway commission paved Main, or Fifth street, of the town of Jonesboro to a width of 18 feet from the west boundary of the Chicago, Rock Island & Pacific Railway tracks to the west side of West Court avenue, a lineal distance of paving of 1,225 feet. During the same year, the Louisiana highway commission also paved Allen avenue in the town of Jonesboro to a width of 18 feet from the north edge of Main, or Fifth street, to the point where Allen avenue changes its name to Bullock avenue, a lineal distance of 2,200 feet.

The Louisiana highway commission let the contract for this paving to Harvey & Jones, contractors, who actually performed the work.

During the year 1930 the town of Jonesboro, through its governing authorities, and by virtue of petitions of the majority in number and in assessed value of the owners of property, abutting on the streets paved by the Louisiana highway commission in the town of Jonesboro, and in conformity with Act No. 289 of 1928, let the contract to Harvey & Jones, *for the widening of the paving laid by the Louisiana highway commission* of the streets named; and Harvey & Jones paved these streets by virtue of their contracts with the Louisiana highway commission and the town of Jonesboro, *at one and the same time, and under the same specifications.*

The town of Jonesboro assessed the entire cost of the paving, other than the part paid by the Louisiana highway commission, to the abutting property owners and against the property on said streets.

The width of the paving on Allen avenue by Harvey & Jones, under their contracts with the Louisiana highway commission and the town of Jonesboro, is 40 feet, with aprons of the usual length running out at the intersections.

The width of Main, or Fifth street, since the completion of the paving by Harvey & Jones, under the contracts with the Louisiana highway commission and the town of Jonesboro, is 64 feet, and, by virtue of said contracts, curbing and storm sewers were installed, and the cost was charged to the abutting property owners.

It is clear from the above statement of facts that the town of Jonesboro has not provided, and does not maintain, a separate paving system or program, in which it has designated any particular street or streets to be paved and maintained; but has merely followed the right of way laid out by the Louisiana highway commission through the town of Jonesboro, and has only provided *for the widening* of this right of way for the sole benefit of abutting property owners, who have paid the cost.

The streets in Jonesboro have been paved jointly by the Louisiana highway commission and the town, and are maintained jointly by them, the highway commission having paved 18 feet and the town the rest, at one and the same time, by the same contractors, and under the same specifications.

The Louisiana highway commission owns no particular part of the paving in these streets, and is as much obligated to maintain any one foot of this paving as the town is. Besides, the Louisiana highway commission unquestionably has jurisdiction over its 60-foot right of way, running through the town of Jonesboro and known as Main, or Fifth street, and Allen avenue, and must be consulted if anything is done to these streets by the town.

Mr. May, the mayor of the town of Jonesboro at the time these paving contracts were let, states that there was a general demand for paving over the town of Jonesboro, that the council felt that it could not meet the entire demand, and that they would not pay out any money for paving; and that these paving contracts would not have been let at all, had it not been for the fact that the Louisiana highway commission was about to lay its 18 feet of paving through the town of Jonesboro.

Section 8 of article 14 of the present Constitution clearly contemplates that each incorporated town or city must provide and maintain its own separate and independent system or program of paving, and must bear the whole burden of it, in the manner provided by law, in order to claim exemption from one-half the levy for general parochial purposes on property located wholly within the corporate limits.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that the injunction herein issued be dissolved and refused, and that plaintiff's demand be rejected and its suit dismissed.