[53 So. 681

## TOWN OF WINNFIELD et al. v. POLICE JURY OF WINN PARISH et al.

No. 32597.

Feb. 26, 1934.

Harry Fuller, Dist. Atty., of Winnfield, for appellants.

Burford & White, of Shreveport, Barksdale, Warren & Barksdale, of Ruston, R. W. Oglesby and A. A. Moss, both of Winnfield, and White, Holloman & White, of Alexandria, for appellees.

ODOM, Justice.

The police jury for the parish of Winn levied a general tax of 4 mills on the assessed value of all the property in the parish, including the property within the corporate limits of the town of Winnfield, for the year 1932; the tax being levied for general parochial purposes.

The town of Winnfield is an incorporated municipality with more than 1,000 inhabitants. The town and certain persons who own property therein brought the present suit to enjoin the collection of one-half of said tax on the ground that said town provides and maintains a system of street paving; the contention being that for this reason, under section 8, art. 14, of the Constitution, all property within the corporate limits of the town is exempt from the payment of one-half the general tax levied by the police jury.

The police jury, the tax collector for the parish, and the tax collector for the town, all made parties defendant, do not dispute the proposition that, if as a matter of fact the said municipality does, in good faith, maintain an independent system of street paving, only one-half of said tax levy can be collected on the property within the town. But they deny that the municipality does

maintain an independent system of street paving.

The trial judge found as a fact that the town does maintain such a system, and rendered judgment for plaintiffs enjoining the collection of the tax. The defendants appealed, but have made no appearance in this court to argue the case orally, nor have briefs been filed. Apparently the appeal has been abandoned. However, we have considered the case on its merits as though the appeal had been followed up, and our conclusion is that the judgment is correct.

The question here involved has been considered in two cases; the first being Town of Winnsboro v. Price et al., 165 La. 702, 115 So. 908, and the second being Town of Jonesboro v. Jackson Parish Police Jury, 174 La. 1063, 142 So. 689.

In the first of these cases it was found as a fact that the town had begun in good faith a street paving program, that it had laid and was maintaining 2,800 lineal feet of concrete paving, and it was held that it was entitled to the exemption.

In the second case it was found as a fact that the only paving done by the town was the widening of certain paving done on right of way streets through the town by the Louisiana highway commission, which additional paving was laid by the contractors employed by the highway commission. This was a joint enterprise between the highway commission and the town; the commission paving the strip 18 feet wide in the center of the street, the additional width being paid for by the adjoining property owners. It was held that this was not an independent system of paving begun and maintained by the town and therefore the exemption did not apply.

We gather from the answer filed by defendants and from the evidence they adduced on the trial that it was their theory that the present case is like the Jonesboro Case. But we find that the facts are different. The cases are alike in that the highway commission, as part of its public road paving system, laid paving through the center of certain streets in the town of Winnfield. Its paving was only 18 feet wide, while the streets have a width of 72 feet, leaving a strip of 27 feet unpaved on each side. The adjacent property owners petitioned the town authorities to issue certificates of indebtedness in an amount sufficient to raise funds for the paving of that portion of the streets from the concrete strip laid by the highway commission to the curb, and other paving. The town authorities issued the certificates amounting to more than $100,000, and in order to raise funds with which to pay them and the interest levied assessments against the property of the abutting owners. Separate contracts were let for doing this paving, and the contractors were paid out of the proceeds of the certificates. In addition to this, certain other streets were paved independently of any work done by the highway commission. It is also shown that in the year 1929 the town of Winnfield was authorized by the property tax paying voters to levy a tax of 2 mills on all the property in the town, the proceeds to be used for street improvement purposes. The town authorities levied this tax, which is being collected annually and used for street improvements.

We therefore approve the finding of the trial judge that the town of Winnfield has in good faith begun and is maintaining an independent system of street paving, and must therefore hold that the judgment appealed from is correct.

The judgment is affirmed.

O'NIELL, C. J., and ST. PAUL, J., absent.