YARRUT, Judge.
The City of Kenner, a municipal corporation (referred to as the City), seeks a declaratory judgment against the Parish of Jefferson (referred to as the Parish), decreeing that it maintains its own paving system and, under Louisiana Constitution, Article 14, Section 8, the Parish cannot levy a tax on property in the City for more than one-half the levy for general parochial purposes; and that the Parish be ordered to refund all taxes collected in the City, in excess of two (2) mills, for the years 1962, 1963 and 1964.
The ordinance of the Parish is No. 6644, which levies a four (4) mill general parochial tax on all property situated in the Parish.
Article 14, Section 8, the Louisiana Constitution, reads:
“No parish, parish of Orleans excepted, shall levy for parochial purposes, on property located wholly within incorporated cities and towns of the State, having a population in excess of one thousand (1,000) inhabitants, according to the last census, which provide and maintain systems of street paving, any general parochial tax in excess of one-half the levy for general parochial purposes; provided, that this section shall not apply in a parish which* had a general unbonded indebtedness on January 1st, 1921, until said debt has been paid or funded into bonds.”
*582 LSA-R.S. 33:401, subd. A provides, inter alia:
“A. The mayor and board of aldermen of every municipality shall have the care, management, and control of the municipality and its property and finances. They shall have power:
* * X * * *
“(18) To maintain streets and roads in the limits of the municipality.
* * * *
“(21) To exercise full jurisdiction in the matter of streets, sidewalks, sewers, and parks; to open, lay out, and construct the same; to repair, maintain, pave, sprinkle, adorn, and light the same.”
The City has a population of 20,000 and contends that, for several years, it has maintained its own street paving system, and that the property owners of the City recently authorized renewal of a street maintenance tax.
The question is whether the Parish had the right to collect a four (4) mill tax on property in the City under Louisiana Constitution Article 14, Section 11; or was limited to a two (2) mill tax under Constitution Article 14, Section 8.
The answer depends upon whether or not the City has proved it maintains its own street paving system.
The district judge decided in favor of the City and against the Parish, from which judgment the Parish has appealed.
The evidence is that the City’s first paved street was Clay Street, which was blacktopped on a front foot basis by property owners in 1947, and twice overlayed with asphalt paving by the City through its general fund. By 1959, the City had eleven miles of concrete and asphalt pavjng, according to a survey by Roessel and Galo-way, the then City engineers. Today, the City has approximately twenty miles of streets paved with concrete and asphalt; and another twenty miles of streets paved with large rocks overlaid with asphalt, mixed with pea gravel; all done in accordance with City specifications for paving. The City uses its general fund and a recently voted street maintenance tax to maintain its streets in good repair; and requires anyone damaging its streets to make the necessary repairs. The State Highway Department, in repairing neighboring state highways, channeled heavy trucks over some of the City’s paved residential streets, causing damage. The State Highway Department restored the damage. The City’s Sewerage District No. 2 damaged certain streets during construction of a sewerage system, and made the necessary repairs.
The case of Town of Jonesboro v. Jackson Parish Police Jury, 174 La. 1063, 142 So. 689, is only to the effect that property within a town is not exempt from one-half of parish levy for general purposes, where the streets were paved and maintained jointly by the Highway Commission and the town.
In the case of Town of Winnsboro v. Price, 165 La. 702, 115 So. 908, the court held that where the town’s street paving system had been begun in good faith, the town was entitled to exemption, even though the cost had been assessed against property owners.
In the case of Town of Winnfield v. Police Jury of Winn Parish, 179 La. 171, 153 So. 681, the court, in exempting the town from more than half the parochial tax, found that the Highway Commission, as part of public road paving system, had laid paving through center of certain streets in town, but that such paving was only 18 feet wide, while streets were 72 feet wide; that property owners petitioned town authorities to issue certificates of indebtedness to raise funds to pave remainder of streets; that such certificates amounting to more than $100,000 were issued; that separate contracts were let for paving and contractors were paid out of proceeds of cer *583 tificates; that, in addition, other streets were paved independently of work done by Highway Commission; that property taxpaying voters had authorized town to levy tax to be used for street improvement; and that tax had been levied and collected.
The Parish contends the State contributed to the repair of the City’s streets. The amount expended by the State Highway Department was to repair damages it had caused the City streets, when, while repairing the state highway, it detoured traffic into the City’s streets.
We must conclude, as the district judge did, that the City and its taxpayers have begun and are continuing a paved-street program in good faith, without any assistance from the Parish or State, except for repairs to damaged streets made necessary by the action of the State Highway Department.
The judgment of the District Court is affirmed; Defendant to pay all taxable costs.
Judgment affirmed.