GUIDRY, J.,
dissenting.
|TI respectfully disagree with the majority’s determination that the City of New Roads met its burden of establishing that it “provides and maintains a system of street paving” as that phrase has been interpreted in the jurisprudence. First, I disagree that the City has established that it began and has pursued, in good faith, *1053 according to its needs, a system of paving the streets with permanent, hard-surface roadways. See Town of Winnsboro v. Price, 165 La. 702, 115 So. 908 (La.1928). The only evidence in the record establishes that, other than the project providing for emergency access to the residents of a subdivision, the few projects initiated by the City were for the purpose of economic development, rather than establishing a general “system” of street paving.
Further, I do not find that the record establishes that the City’s “system” is separate and independent nor that the City is bearing the whole burden of the system. See Town of Jonesboro v. Jackson Parish Policy Jury, 174 La. 1063, 142 So. 689 (1982). Particularly, the record evidences that the Police Jury, although not responsible for any current or past initial construction of city roads, is Lthe responsible party for maintaining city streets, which includes not only minor repairs like fixing potholes, but also includes road construction projects, which may involve rebuilding the base and overlaying. Furthermore, the record demonstrates that for the only completed project, and for at least one other pending project, the Police Jury has contributed considerable funds or has made an in-kind donation, without which the projects would not have been or would not be able to be completed. Therefore, the City is still dependent upon the Policy Jury for key aspects of its program, namely maintenance and funding of its roads.
Accordingly, although the trial court may have applied the incorrect legal standard in evaluating the City’s claim, I believe that based upon a de novo review of the record, the trial court’s judgment dismissing the City’s petition with prejudice should be affirmed.