PROVO STY, J.
Defendants have appealed from a conviction of robbery and a sentence of two years at hard labor.
On the same day on which they were tried, they were tried on another charge of robbery ; the present case having been called up for trial as soon as the other was gotten through with. They objected to going to trial, on the ground that the first charge, although terminated by an acquittal, was calculated to injure them in the minds of the panel of jurors in attendance upon the court, all of whom had been present during the first trial. This court is not informed whether this “objection to going to trial” was intended as a motion for continuance, or as a challenge to the array, based upon the jurors being every one of them disqualified by prejudice. Whatever it was intended to be, it does not come up in such shape that it can be considered; and we may add that nothing in the record shows that it would have any merit, if in proper form, since the fact of the jurors having known that defendants had been tried and acquitted on another charge of robbery did not necessarily have the effect of disqualifying them as jurors.
The second bill consists entirely of the per *58 curiam, and simply shows that defendants’ counsel, having on cross-examination gone ■over a certain matter repeatedly, the judge says, “about half a dozen times,” the court sustained the state’s objection to the defendants’ counsel going over the same ground another time. Of course, there was no error in this. The court has a certain discretion in the conduct of trials.
The third bill was reserved to the refusal of the court to stop the district attorney from arguing to the jury a legal proposition which counsel for defendants thought was not good law. This bill, also, is manifestly without merit. We believe the district attorney’s law was good; but, even if it was bad, verdicts are not set- aside because the district attorney has. argued bad law to the jury.
Judgment affirmed..