FROYOSTY, J.
The accused has appealed from a conviction and sentence for higamy.
No counsel has appeared for Mm in this court. We find in the record a motion to quash the indictment on the grounds, first, that there is no law in this state making bigamy a crime, section 800, Rev. St., having been repealed by Act No. 93 of 1898, and the latter act being insufficient in its terms to support a prosecution, it merely denouncing a punishment for bigamy without prescribing what shall constitute bigamy; and, second, that the indictment is insufficient in form in that it is lacking in a number of particulars which are named, but to recite which here would serve no useful purpose.
Section 800, Rev. St., was not repealed by the act of 1898. Marr. Crim. Juris. 136; State v. Cain, 106 La. 708, 31 South. 300.
The indictment charges the crime in the words of the statutes, and the statute defines the crime; and that is sufficient.
Accused objected to the admission in evidence of the certified copy of the license of marriage of his first marriage of record in the state of Oklahoma, the place of his first marriage, as being, tbe copy of a copy. The case in its facts comes exactly under the doctrine announced as follows:
“A certified copy of a marriage license from another' state of the Union, certified by the clerk of the court, who is also judge of the court, as a copy from the records of his office, and also certified by him as judge, declaring the attestation to be in dne form, and having the seal of the court affixed to it, is in due form, and admissible.”
Judgment affirmed.