LAND, J.
Relators were tried and eonvict- ■ ed in the Twenty-Ninth judicial district court for carrying certain dangerous weapons, to wit, Colts’ revolvers, concealed on or about their persons. They were charged in separate informations, which were consolidated for trial, at the request of their counsel. Each of the accused was sentenced to pay a fine of $200, or to serve in the parish jail a term of three months.
[1] Our supervisory jurisdiction is invoked in this case, and writs of certiorari and prohibition prayed for upon the ground that the judge a quo erred in refusing to be governed by several requested special instructions, the substance of which was to the effect that a weapon in a vehicle in which a person is riding is not a weapon carried on or about the person, if the weapon is on the floor of the vehicle, or carried in some part of the vehicle; that a weapon to be carried on or about the person must be so attached to the person as to move with the movements of the person. And also upon the ground that the 'conclusion of- the trial judge that the evidence proved that the accused were guilty beyond reasonable doubt was erroneous.
We gather from the reasons assigned by the trial judge that the special charges were refused, as they were not applicable to the facts of the case.
The respondent judge in his answer to the rule herein issued states:
“That the prosecution established beyond a reasonable doubt in the mind of the trial-court, from the circumstances of the arrest, the finding of the concealed weapons belonging to the accused, etc., that they were guilty for the reasons assigned, which reasons are in writing and which are submitted for the attention of your honors herein as sufficient for the verdict of guilty and the judgment of the lower court.”
Relators do not question the jurisdiction of the trial court, nor the regularity of the proceedings in which they, were convicted and sentenced.
The entire testimony in the case was taken' on the trial and is found in the record before us. If this.testimony disclosed as the only fact in the case that the pistols which accused were charged with carrying concealed on their persons were found on the floor of the automobile in which they were arrested, relators would have presented a proper case for the review of the action of the judge a quo in refusing to be guided by the special instructions requested by them. However, we find from the testimony that the accused were arrested by a deputy sheriff and a justice of the peace at 1 o’clock at night in an automobile in which they were transporting a can of alcohol in a sack; that, when halted by the deputy sheriff, they kept going, and continued to go, after the deputy had jumped on the fender of the machine; that they ran into the car of the justice -of the peace ahead of them at a point in the road, which was blocked by this car and by a roller; that the justice of the peace halted them, when they struck the running board of his car, and fired his pistol into the air, and they then stopped.
Accused when arrested were taken out of their automobile, and carried into a store near by. While they were on the gallery of this store with the deputy sheriff, the justice of the peace searched their car, and found one pistol in front of the front seat on the floor, and the other on a can of alcohol in the back of the car. The accused Fernandez was driving the car, and the other *529 accused was sitting in the bach on the right, and they were about the places where the pistols were found. Both accused admitted to the officers that they were the owners of the weapons.
We have reviewed these facts for the sole purpose of showing that the requested special charges were not applicable to the facts of the case as a whole, as they left out of consideration the circumstances connected with and surrounding the finding of the pistols in the automobile, and it is upon these circumstances that the trial judge based th'e conviction of the accused.
[2-4] As to the complaint of the relators that the respondent judge erred in holding that the evidence in the case proved that the accused were guilty beyond a reasonable doubt, we are of the opinion that such complaint does not present to us for review a question purely of law. In criminal cases the Supreme Court has appellate jurisdiction to review only questions of law. Questions of fact are for the jury or the judge, and, when there is any evidence at all in the case, their findings of fact cannot be reviewed by the Supreme Court, as relates to the guilt or innocence of the accused. The evidence of fact, although reduced to writing and made part of the record, will not be examined by the Supreme Court to the end of determining whether it authorized the conviction. If, however, an accused person appears to have been convicted without any evidence at all having been produced against him, a question purely of law is presented on appeal. State v. Nolan, 129 La. 935, 57 South. 274 ; State v. Wells, 147 La. 822, 86 South. 268.
It is therefore ordered that the prayer of relators be refused, and that said writs be denied at relators’ costs.
Rehearing refused by Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.