ROGERS, J.
The defendant was indicted for murder. When the case was called for trial a nolle prosequi was entered, and a bill of information charging manslaughter was immediately filed. On this charge defendant was tried, found guilty, and sentenced. From the verdict and sentence he prosecutes this appeal.
During the course of the trial three bills of exception were reserved to the admission of evidence, but no formal bills were prepared or presented to the court, nor were they made part of the motions for a new trial and in arrest of judgment, which were overruled, and therefore do not present questions reviewable by this court:
 Only questions of fact are raised by the motion for a new trial; hence it cannot be considered on this appeal. The motion in arrest of judgment is based on the insufficiency of the information,
“because the time, place, and day of the commission of the crime charged is not set forth, or referred to in the body of the information by the words ‘then and there’ or by the word ‘aforesaid,’ after the word ‘did’ and before the words ‘feloniously kill and slay.’ ”
The information charges as follows:
“That one George H. Warthen, late of the parish of Orleans, on the 31st day of March, in the year of our Lord 1922, with force and arms in the parish of Orleans aforesaid, and within the jurisdiction of the criminal district court for the parish of Orleans, did feloniously kill and slay one Marguerite Halliday,” etc.
The statement of the time, the 31st day of March, 1922, and the place, the parish of Orleans, is antecedent to and qualifies the main charge. The time and place mentioned relate to nothing else but the principal accusation. So that it is charged with absolute certainty that the defendant, on the 31st day of March, 1922, in the parish of Orleans, did feloniously kill and slay one Marguerite Halliday, so as to exclude the possibility that the felonious act was committed at any other time or place. The information could not possibly, therefore, have more clearly specified tbe time and place. Besides, the information charges the crime of manslaughter in the words of the statute, and that is sufficient. State v. Marks, 127 La. 1031, 54 South. 340.
Judgment affirmed.