(104 So. 303)

No. 27132.

## STATE v. CRUMBLE.

(April 27, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬅1090(8)—Errors occurring on trial may be brought to appellate court for review only by bills of exceptions signed by trial judge.**

Errors occurring on trial, relating to propounding of leading questions by district attorney to witnesses for prosecution, and to admission of illegal evidence against accused, and that accused was convicted on evidence showing another offense than one charged, could be brought to court of review only by means of bills of exceptions duly signed by trial judge.

2. **Criminal law ⬅1092(4)—Trial judge properly refused to sign bills of exceptions presented out of time.**

Trial judge properly refused to sign bills of exceptions where they were presented for his signature out of time, though presented as soon as stenographer had completed transcription thereof, where defendant took no steps to obtain time within which to present such bills.

Appeal from Criminal District Court, Parish of Orleans; N. E. Humphrey, Judge.

George Crumble was convicted for breaking and entering a store in the nighttime with felonious intent to steal, and he appeals. Affirmed.

Paul L. Fourchy, of New Orleans, for appellant.

Percy Saint, Atty. Gen., Robert H. Marr, Dist. Atty., and Wm. A. Porteous, Jr., Asst. Dist. Atty., both of New Orleans, and Percy T. Ogden, Asst. Atty. Gen., for the State.

OVERTON, J. Defendant has appealed from a sentence imposed upon him for breaking and entering a store in the nighttime with the felonious intent to steal. He has filed the following assignment of errors in this court, to wit:

(1) "That the court refused to sign the three bills of exceptions presented to him as soon as the stenographer had finished transcribing the notes, which were not transcribed at the time the sentence was imposed."

(2) "That defendant was on trial for an offense alleged to have been committed June 26, 1924, and the evidence showed by way of leading questions and otherwise, a crime committed July 7, 1924, which were seasonably objected to, but overruled by the trial judge and which illegal evidence and leading questions had the effect of creating a bias and prejudice in the jury's mind. See bill of exception No. 2, transcript 9–6."

(3) "That the district attorney persisted in asking leading and suggestive questions, attempting even to show that defendant had made a confession of guilt to Jacob Klinger, the prosecuting witness—all of which was objected to by defendant, but the objections were overruled. See bill of exception No. 1, transcript 9–A."

(4) "That as appears from the motion for a new trial (transcript page 8) and the information, and the evidence in the record, this defendant was on trial for a crime alleged to have been committed June 26, 1924, and the only evidence offered against him was to the effect that defendant might be guilty of a crime committed July 7, 1924, and even property alleged to

have been stolen July 7, 1924, was produced on the trial, to prejudice and bias the jury.

"That the aforesaid clearly shows that defendant was illegally deprived of a constitutional right to be informed of the nature of the accusation against him and have a fair and impartial trial thereon."

[1] The second and third assignments, as will be observed, relate to the propounding of leading questions by the district attorney to the witnesses for the prosecution, and to the admission, over objection, of illegal evidence against the accused, and the fourth assignment relates to the complaint that the accused was convicted on evidence showing another offense than the one charged. These errors, if they exist, cannot be brought before this court for review by an assignment of errors. They may be brought here for that purpose only by means of bills of exceptions, duly signed by the trial judge. State v. Bob, 11 La. Ann. 192, Marr's Criminal Jurisprudence (2d Ed.) §§ 727, 728, 769.

[2] The defendant, however, did present to the trial judge for signature bills of exceptions, covering the foregoing grounds of complaint, and he assigns as error, which constitutes his first assignment, that the judge refused to sign the bills presented. The bills appear in the record unsigned. At the foot of each appears, over the signature of the trial judge, the following statement, to wit:

"This bill presented for signature on March 14, 1925, nearly sixty days after sentence. Signature refused under the authority of State v. Butler, 137 La. 525, 68 So. 859 and State v. Barrett, 137 La. 535, 68 So. 945."

The authorities cited by the trial judge support the position that, where time has not been granted for the presentation of bills of exceptions to him for signature, he should not sign them, when presented after the appeal has been taken, and that if he does, this court will not consider the bills, over the objection of the state. The appeal was taken on February 11, 1925, long prior to the presentation of the bills for signature, and it does not appear that time was granted for their presentation. Hence, it seems from the face of the record that the trial judge was correct in refusing to sign the bills. Defendant, however, says that he presented the bills as soon as the stenographer had completed his transcription of them and therefore that the trial judge should have signed them. However, the time when the stenographer finished transcribing the notes does not appear of record. If the notes of evidence were necessary to enable defendant to prepare his bills, and the stenographer failed to file the notes in time, defendant should have taken appropriate steps to obtain time within which to present the bills, before the appeal was taken, and to force the stenographer to transcribe the notes of evidence, and if, upon the doing of these things, the judge had arbitrarily refused to sign the bills, proper steps should have been taken to have required him to sign them.

As it does not appear that defendant has urged any error that may be of avail to him under an assignment of errors, and as there are no signed bills of exceptions in the record, there remains nothing for us to do but to affirm the judgment appealed from.

The judgment appealed from is therefore affirmed.