(125 So. 126)

No. 30253.

**STATE v. BOBO.**

Dec. 2, 1929.

Hugh T. Layne, of Monroe, for appellant.

Percy Saint, Atty. Gen., David I. Garrett, Dist. Atty., of Monroe, E. R. Schowalter, Asst. Atty. Gen., and J. B. Thornhill, Asst. Dist. Atty., of Monroe, for the State.

THOMPSON, J. The defendant was convicted and sentenced for selling beer for beverage purposes. His appeal presents but one question in one bill of exception.

After the evidence was concluded, the counsel for defendant requested the judge to charge himself that the defendant should be acquitted, for the reason that the state had failed to prove that the beer sold by defendant was intoxicating.

The requested charge could have been refused for several reasons.

██ There is no law of this state requiring or authorizing a trial judge to direct a verdict of acquittal in any case, because in his opinion the guilt of the accused has not been established; nor can the trial judge be required to charge himself or a jury as to the weight and sufficiency of the evidence in any given case.

In this case the judge, while conceding that the witnesses for the state were not asked and did not testify that the home brew beer was intoxicating, based his refusal to give the charge on the fact that home brew beer is a well-known intoxicating beverage.

The ruling was in accord with the statute which declares that the word "liquor" or "intoxicating liquors" shall be construed to include alcohol, whisky, brandy, rum, gin, beer, ale, porter, wine, etc.

We said in State v. Coco, 152 La. 250, 92 So. 883, that the nine enumerated liquids, which included beer, were to be regarded and

were·well known as intoxicating liquors, and required no specific definition.

And we further said that it would be absurd to say that reference was made to the act of Congress for a definition of alcohol or of whisky or brandy to ascertain what per cent. of alcohol was necessary to make the named liquors intoxicating or fit for use as beverages.

There was no more necessity in this case for proving that the beer the defendant was found guilty of selling was intoxicating than it would have been to prove that whisky, brandy, or wine was intoxicating had the defendant ,been charged with selling either of said liquids.

The defendant had the right to call on the state for the production of the beer which he was charged with selling and to have had the same analyzed, but he did not see fit to avail himself of that right. In these circumstances, and in view of the statute and the interpretation placed thereon to the effect that beer is to be regarded as a well-known and intoxicating beverage, we hold that the state was not required to make the proof as contended for by the defendant.

The conviction and sentence are affirmed.

O'NIELL, C. J., concurs in the decree.