143 So. 55

## STATE v. FOUNTAIN.

No. 31874.

June 20, 1932.

Sidney I. Foster, of Leesville, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Aaron B. Cavanaugh, Dist. Atty., of Leesville, for the State.

BRUNOT, J.

The accused was charged, in an indictment, with the crime of hog stealing. After arraignment, plea, and assignment, he was, in due course, tried and convicted of the crime

charged. A motion for a new trial was filed, heard, and overruled, and a bill of exceptions was reserved to this ruling. This is the only bill in the record.

After sentence, the accused appealed, and he relies, for a reversal of the verdict, upon the following grounds alleged in his motion for a new trial, viz.: That the verdict is contrary to the law and the evidence; that, in the overt act of taking the hogs, the accused was exercising what he believed to be his civil right, and therefore the element of criminal intent, an essential element of the crime charged, was wanting; that the accused was financially unable to employ counsel; and that the counsel appointed by the court to represent him went into the trial of the case without preparation and under a misapprehension of the facts of the case.

The foregoing allegations are amplified in the affidavit of counsel for the accused which is attached to the bill of exceptions as a part thereof.

We think the per curiam of the trial judge, which we quote, disposes of appellant's bill. It is as follows:

"After hearing all the evidence in this case the court is convinced beyond a reasonable doubt that accused is guilty as charged and that the verdict of the jury is correct.

"The accused in this case was charged with this offense several months ago and at the time of arraignment, April 7th, did not inform the court that he did not have a lawyer and did not request the court to appoint counsel for him.

"This case was then fixed for trial April 20th, and when called for trial on that date the accused informed the court that he had not employed a lawyer but had all his witnesses present in court. He also stated that he was able to employ a lawyer but had not done so whereupon the court appointed Mr. S. I. Foster of the local bar to represent accused. After consultation with accused the attorney announced ready for trial and the case was tried.

"The court granted every request of attorney for defendant during trial with reference to consultation of accused and attorney and witnesses and attorney and there was no objection made to the trial for that or any other cause.

"The bill of indictment was read to the jury and the case presented to the jury in the usual way and no request was made at that time by the attorney to inspect the bill of indictment. The District Attorney stated case to every prospective Juror on their Voir Dire and defense counsel qualified and accepted the jury upon said case.

"The defense counsel had all of the witnesses present, ably presented the facts and the law to the Jury, has not informed the court of the existence of any witnesses that would have affected the verdict of the jury, and after the court heard the presentation is of the opinion that more time would not have improved it."

█ In the absence of some showing other than the affidavit of counsel, the judge's statement must be accepted as controlling.

█ With reference to the allegation that the "verdict is contrary to the law and the evidence," the rule is that verdicts will not be set aside upon that ground. La. Dig. vol. 2, p. 675. It has been repeatedly held by this

court that the allegation presents nothing for review.

■ Motions for new trial are universally conceded to rest within the sound judicial discretion of the trial judges. La. Dig. vol. 2, p. 666.

■■ In criminal cases this court's appellate jurisdiction is limited to questions of law alone. Const. art. 7, § 10. The jury are the sole judges of the sufficiency of the evidence.

For the reasons stated, the verdict and sentence are affirmed.