LAND, Justice.
 

 The defendant, Alex. Stewart, was jointly indicted with two other defendants for the burglary of an outhouse or “smokehouse,” in the nighttime. All of the defendants were jointly tried by jury, and convicted, and each was sentenced to serve a term of not less than one year nor more than three years in the State Penitentiary.
 

 The defendant, Alex. Stewart, has appealed, and relies for the reversal of the judgment of the lower court upon a single bill of exceptions, reserved to the overruling by the trial judge of a motion for a new trial.
 

 This motion in based upon the ground that the verdict is contrary to the law and the evidence, since' there was no competent legal evidence upon which to base the verdict, as the evidence upon which defendant was convicted was mere hearsay testimony.
 

 No testimony was taken down by the clerk of the lower court on the trial of the motion for a new trial. Consequently, there is nothing before this court to act upon, except the allegations set forth in the ex parte affidavit of defendant for a new trial that he was convicted upon mere hearsay evidence. It is elementary, that this is not sufficient. The only known way by which evidence can be brought before the Supreme Court is by annexing' and making same a part of a bill of exceptions, timely reserved. Objection to the admission or rejection of evidence should be made at the time at which the evidence is offered, and, if the objection is not sustained, a formal bill of exceptions setting forth the objection and the ruling should be taken at the time at which such ruling is made, otherwise the objection cannot be raised after verdict, and presents no question for the review of the Supreme Court. Marr’s Crim.Juris. (1906 Ed.) § 419, p.
 
 704,
 
 citing numerous authorities.
 

 The trial judge states in the per curiam to the bill reserved'to the overruling of the motion for new trial: “Only the State offered testimony and no objection was
 
 *549
 
 made to the State’s testimony. The jury rendered the proper verdict under the law and the evidence.”
 

 The conviction and sentence appealed from are affirmed.
 

 HIGGINS, J., takes no part.