# Eugene Redd v. The State.

No. 22356.  Delivered  January  13,  1943.
Rehearing  Denied  February  17,  1943.

The opinion states the case.

*W. E. Grimes,* of Floydàda, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of hogs. The punishment assessed is confinement in the State penitentiary for a period of two years.

The evidence adduced by the State, briefly stated, shows that during the night of April 23, 1942, five hogs were taken from the possession of N. B. Stansell without his knowledge or consent. When Mr. Stansell missed the hogs from his lot, located in Floyd County, he instituted a search and found them in the possession of one, Rich, in Lubbock County. Mr. Rich had acquired them from Mr. Mitchell, who in turn had purchased the hogs from the Lubbock Hog & Cattle Company of Lubbock, Texas. Dave Childers was a buyer of livestock for said company and on the morning of April 23rd, he purchased the five hogs in question from three young men whom he positively identified as the parties who had brought the hogs there in a trailer and sold them to him.

Appellant took the witnesss stand, denied that he sold the hogs in question to Mr. Childers or that he had any connection therewith, and testified to an alibi in which he was corroborated by some of his friends. Thus an issue of fact was raised which the jury determined adversely to his contention.

We deem the evidence sufficient to sustain the jury's conclusion of the appellant's guilt.

Bill of Exception No. 1 reflects the following occurrence: While appellant's counsel was cross-examining Dave Childers, a State's witness, he inquired of him if it were not "very important to him to identify somebody as having sold the hogs to him when they brought the boys over there," to which the State objected, whereupon appellant stated that he offered it to show bias on the part of the witness. The court sustained the objection and appellant excepted. This bill is defective in that it fails to disclose what answer the witness would have given. See Reese v. State, 151 S. W. (2d) 828.

By Bill of Exception No. 2 appellant complains of the action of the trial court in permitting the District Attorney, on cross-examination of P. Q. Haney, a witness who testified to an alibi for the appellant, to ask him if appellant was with him (Haney)

at the time that Reanie Yearwood lost some cattle, to which appellant objected on the ground that it did not shed any light upon any issue in the case; that appellant was not on trial for stealing cattle and that said testimony was highly prejudicial, which objection was overruled and appellant excepted. The court qualified the bill and in his qualification thereof states that the defendant's defense was an alibi; that appellant testified that on the night in question he had been out of the county with a trucker, P. Q. Haney. The court further certified that Reanie Yearwood lost some cattle about the same time that the offense in question was committed; and the District Attorney was permitted to ask the question of the alibi witness for the purpose of testing his memory as to the time, since the evidence did not in any manner show the defendant's connection with the theft of the Yearwood cattle. However, appellant later testified that he had been indicted for the theft of the Yearwood cattle. In our opinion, the bill fails to reflect any reversible error inasmuch as it was subsequently shown without objection that appellant had been indicted for the theft of the Yearwood cattle. See Weaver v. State, 165 S. W. (2d) 106, and cases cited.

By Bill of Exception No. 3 appellant complains because the court would not permit him on cross-examination of the witness, James Hennessee, to elicit from the witness the fact that the State had offered to give him a light sentence if he would testify against the defendant, and the witness' father was acting as a mediator between the officers of the court and the said witness, to which the State objected on the ground that what the witness' father told him was an ex parte statement and hearsay, and anything that the father said to him would not be binding upon any officer. The record discloses that appellant, on cross-examination of said witness, proved by him that he had plead guilty to the offense of theft of the hogs; that he was found guilty and his punishment had been assessed at confinement in the State penitentiary for a term of five years but that his sentence was suspended; that no one made any promise to give him a suspended sentence in case he turned State's evidence; that he knew that if they tried him on both cases he could not get a suspended sentence; that they merely tried but one case; that they agreed with him not to try the other case if he would behave himself; that they told him they would not try the other case; that the District Attorney promised him that; that no one told him while he was confined in jail "that if he would come clean" they would give him a suspended sentence. From the testimony of the witness we quote:

"They didn't tell me I would be given a suspended sentence if I would tell them about the other boys. They never did promise

me a suspended sentence. My father came to the jail by himself two or three times. He employed a lawyer for me. My father had not talked to the officers. I believe he talked to Fred Clark. He was the only one he talked to. No, I don't know that they had told him to tell me that if I would turn the State's evidence that I would be given a suspended sentence. He didn't tell me that. I didn't tell Boots Pollan that."

It thus appears from the record that appellant was given an opportunity to fully inquire into the matter of any promise of immunity to the witness in consideration for any supposed promise on the part of the officers to be lenient with him and give him a suspended sentence.

Bill of Exception No. 4 fails to reflect any reversible error, and we see no need for entering upon an extended discussion of the same.

Bill of Exception No. 6 complains of the action of the District Attorney in his argument to the jury by referring to the fact that appellant was accused of other crimes. However, the bill fails to show in what respect the District Attorney made use of such a statement. That appellant was then under indictment for other offenses of theft was shown when he was being cross-examined by the State, and it was admissible for the purpose of affecting his credibility as a witness. The State's counsel would have a right in argument to discuss the appellant's credibility as a witness. Hence the bill fails to reflect reversible error.

Bill of Exception No. 7 is so vague and indefinite that we are unable to determine just what the appellant is complaining of. He does not give any of the surrounding facts proven, or sought to be proved, so as to show the pertinency of any testimony that he sought to elicit by the cross-examination of the witness, J. N. Redd. Consequently the bill is wholly insufficient to reflect any reversible error. See Fite v. State, 140 S. W. (2d) 848; Peart v. State, 98 Tex. Cr. R. 194; Scott v. State, 101 Tex. Cr. R. 598; Smith v. State, 133 Tex. Cr. R. 161; Punchard v. State, 91 Tex. Cr. R. 603.

All other matters complained of have been considered by us but found to be without merit.

No error having been presented, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission ·of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

We have again examined the record in the light of appellant's motion for rehearing. The witness who bought the stolen hogs positively identified appellant as one of the three boys who sold them. The State's evidence leaves no doubt as to appellant's guilt and the verdict reflects that the jury accepted the State's evidence as true.

The matters urged in the motion are only repetition of the same questions which were considered on original submission. They appear to have been correctly disposed of in our original opinion.

The motion for rehearing is overruled.