59 So.2d 411 (1952)
221 La. 337
STATE
v.
HADDAD.
No. 40508.
Supreme Court of Louisiana.
December 10, 1951.
On Rehearing March 24, 1952.
Rehearing Denied April 28, 1952.
*413 Booth, Lockard & Jack, Shreveport, for relator.
Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Edwin L. Blewer, Dist. Atty., John A. Richardson, Asst. Dist. Atty., Shreveport, for respondent.
HAWTHORNE, Justice.
Defendant-relator, Dickie Haddad, was charged in a bill of information with the crime of receiving stolen things, denounced by Article 69 of the Louisiana Criminal Code, Act No. 43 of 1942, LSA-R.S. 14:69. The bill of information described the property which the defendant received as a "Wizard" automobile battery having a value of $19.91, which had been stolen from Mr. and Mrs. A. Taylor, Jr., as owners thereof. The lower court adjudged the defendant to be guilty and sentenced him to jail for a period of 60 days. After conviction and sentence he applied for, and was granted, writs, and the case is now before us under our supervisory jurisdiction.
During the latter part of the year 1950, the accused was engaged in the operation of a restaurant known as the "Sweet Shop", located in that part of Shreveport known as the Broadmoor section. While engaged in this business he became acquainted and friendly with a number of high school, teenage boys ranging from 16 to 19 years old, who frequented and "hung out" at his place of business. These boys were subsequently apprehended by the authorities and charged with a series of thefts and burglaries, to which they confessed. The juveniles in the group were adjudged by the juvenile court to be juvenile delinquents and committed to the Louisiana Training Institute for indefinite periods of time. Those who were not juveniles were given varying terms in the parish jail. Two members of this gang of young thieves, Gallagher and Dwyer, testified at the trial of the defendant Haddad, admitting the theft of an automobile battery and the sale of it to the defendant herein. These two young men also testified as to their participation in other thefts and burglaries and the sale of the property stolen as a result thereof to the defendant Haddad. Other members of the group or gang also testified of their own participation in numerous thefts and the sale of the property so stolen to the defendant. All of these sales and deliveries were made after the date of the offense charged.
Defendant's first bill of exception was reserved to the denial of the trial judge of his prayer for oyer of wire recordings of certain statements in the possession of the district attorney, made by the witnesses Gallagher and Dwyer and other witnesses, and also of such a statement made by the defendant himself. This bill also recites that during the progress of the trial counsel for defendant again requested and was denied the production and inspection of these statements.
Defendant-relator does not contend that his statement was a confession or admission of which he would be entitled to a pre-trial inspection under the holding of this court in State v. Dorsey, 207 La. 928, 22 So.2d 273. According to the per curiam of the trial judge, the State informed the district court that the statement made by the defendant was neither a confession nor an admission, and that the prosecution did not expect to offer the statement in evidence for any purpose, and it was never offered by the State. Likewise the statements of the other witnesses were never offered by the State, although these witnesses were called by the State, testified during the trial of the case, and were cross-examined by the defendant.
In his per curiam to this bill the trial judge informs us: "The court refused the request of the attorney for the accused for inspection of wire or record recorded statements furnished the District Attorney by Gallagher and Dwyer, for the reason that the statements were not made by the accused and for the further reason that both Gallagher and Dwyer were called by the State and cross-examined at length by the attorney for the accused. The court refused the request for the production for inspection of the wire recorded statement of the defendant, for the reason that the District Attorney stated that it was not an admission or a confession but a statement given voluntarily by the accused and that *414 he did not intend to offer said statement as part of the State's case. In presenting the State's case he did not offer to use said statement or refer to said statement in any manner." (Italics ours.)
As was the case in State v. Simpson, 216 La. 212, 43 So.2d 585, this is another effort on the part of a defendant in a criminal case to extend the holding of this court in State v. Dorsey, supra, that an accused is entitled to a pre-trial inspection of his written admission or confession, so as to include any statement of the defendant although neither a confession nor an admission as well as any written statement made by any witness in the case other than the defendant.
It is now so firmly established in our jurisprudence that a defendant in a criminal case is not entitled to a pre-trial inspection of written confessions of co-defendants, written statements of witnesses, or police reports in the hands of the sheriff, the police department, or the district attorney that we fail to understand why defense counsel continue to present such arguments to us on appeal. State v. Lee, 173 La. 966, 139 So. 302; State v. Dallao, 187 La. 392, 175 So. 4; State v. Williams, 211 La. 782, 30 So.2d 834; State v. Mattio, 212 La. 284, 31 So.2d 801; State v. Simpson, supra. In State v. Williams, supra, certain statements of the defendant, of which he had been denied pre-trial inspection, but which were neither admissions nor confessions, were actually offered in evidence by the State on the trial of the case. In holding that the defendant was not entitled to a pre-trial inspection of the statements, even under those circumstances, this court said: [211 La. 782, 30 So.2d 835.]
"* * * While certain statements of the defendant with reference to his acts in connection with the alleged crime with which he was charged were offered in evidence during the course of the trial, these were neither admissions nor confessions. They were, instead, a part of the defendant's very acts upon which the charge against him was based and it is the jurisprudence of this state that an accused is not entitled to have the state furnish him, prior to trial, with the evidence upon which it intends to rely for his conviction. This includes evidence that has been reduced to writing by the prosecuting attorney for his convenience."
We know of no satisfactory or valid reason, and none has ever been advanced, which would compel us to extend our holding in the Dorsey case to include such documents. Furthermore, the withholding of the statement of the defendant himself could afford him no cause for complaint because he could not possibly have been prejudiced in any way, since the State in presenting its case did not offer the statement in evidence or refer to it in any manner.
We do not think that the trial judge erred, for the reasons set out hereinabove, in denying defendant an inspection of these statements during the progress of the trial. The State's witnesses who had given the statements to the district attorney which the defendant sought to have produced were present in court, testified in the case, and submitted themselves to cross-examination, just as in State v. Vallery, 214 La. 495, 38 So.2d 148, 149, wherein it was stated that "* * * while the prosecuting witness was on the stand on cross-examination, it was developed that he had made a signed statement at the police station on the night of the robbery. The defendant asked for oyer of the statement in possession of the district attorney and it was refused. The court sustained the objection made by the State to the production of the document and the defendant reserved a bill of exception. The significant matter here is that the State did not offer this document in evidence. The prosecuting witness was present in court, he gave his testimony and submitted himself for cross-examination. * * *"
Over the objections of defendant, the State was permitted to offer evidence that the defendant had received stolen goods other than the battery at times subsequent to the offense charged. Bill of Exception No. 2 was reserved to the judge's ruling.
Defendant informs us in his brief that the witness Dwyer, after testifying as to *415 the theft of the battery and the sale of it to the defendant herein, then "* * * proceeded to describe a long series of thefts including lard, potatoes, knives, silverware and whiskey, all of which stolen items he claimed were delivered to the defendant. It was also established by the same witness that the theft and delivery of the stolen items, other than the battery, all occurred subsequent to the offense charged.
"The court also permitted one Grover Carlisle and Maurice Freeman, members of the same gang, to testify as to these subsequent offenses."
Article 446 of the Code of Criminal Procedure, LSA-R.S. 15:446, provides:
"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged." (Italics ours.)
In the instant case, the offense charged was one of a system, whereby the defendant by a definite scheme, method, and manner received stolen property on numerous occasions from this gang of boys. In other words, he was the fence for the operations of this gang of young thieves. Since the offense was one of a system, the evidence of other similar offenses was admissible to show guilty knowledge and intent under the provisions of Article 446 regardless of whether these offenses occurred subsequently or prior to the offense charged. That part of the article allowing proof of similar offenses to show intent and guilty knowledge where the offense is one of a system makes no distinction as to prior or subsequent offenses, and the time of their occurrence cannot affect their relevancy because, where offenses are ones of a system, the similarity of the method and scheme in the performance of each tends to identify one with the other so that it is logical to infer that, if the accused had guilty knowledge and intent when any one of the series of offenses was committed, he had knowledge and intent throughout the transactions.
Moreover, the evidence of similar crimes, independent of the act charged as a crime in the bill of information, is admissible in order to show intent under Article 445 of the Code of Criminal Procedure, LSA-R.S. 15:445, whether such similar offenses occurred subsequently or prior to the date of the offense charged in the bill of information, provided the evidence of such offense is relevant and material and has some connection with the issue before the judge or the jury. Articles 445 and 446 do nothing more than announce well-recognized rules of evidence in regard to the relevancy of other acts, conduct, and offenses to show intent and knowledge.
Cases in this court which demonstrate that the fact that the offenses occurred after the time of the offense charged does not necessarily affect their admissibility are State v. Jackson, 163 La. 34, 111 So. 486; State v. Keife, 165 La. 47, 115, So. 363; State v. Colombo, 171 La. 475, 131 So. 464; State v. Jacobs, 195 La. 281, 196 So. 347; State v. Guillory, 201 La. 52, 9 So.2d 450; State v. Wilde, 214 La. 453, 38 So.2d 72. In those cases evidence of similar offenses was held to be admissible, although they occurred subsequently to the offense charged in the indictment or information.
The general rule is that evidence of the commission of a crime other than that charged in the indictment is not admissible, but Articles 445 and 446 provide exceptions to this general rule, and in the cases above cited this court admitted the evidence of subsequent offenses for the reason that they were relevant to the offense charged because they showed intent or guilty knowledge and intent.
There are numerous cases in other jurisdictions in which evidence of subsequent similar offenses was admitted to show guilty knowledge, some of which are Goldsberry v. State, 66 Neb. 312, 92 N.W. 906; State v. Albert, 159 Or. 667, 82 P.2d 689; State v. Ray, 209 N.C. 772, 184 S.E. 836; Mason v. State, 60 Okl.Cr. 427, 65 P.2d 203.
*416 In all of the cases cited above from other jurisdictions the defendants were each charged with receiving stolen property.
In State v. Ray, cited supra, the Supreme Court of North Carolina said [209 N.C. 772, 184 S.E. 838]:
"There was evidence tending to show that within less than a month preceding the date of the commission of the crime for which the appellant was being tried, namely, the 5th day of April, 1935, there had been other offenses of a similar nature committed by the appellant and some of the other parties named in the bill of indictment, and that shortly after said date other stolen cigarettes were obtained from the appellant. This evidence was introduced by the state and admitted by the court over objection by the appellant, and is made the basis for exceptive assignments of error. There was no error in the admission of this evidence since it comes within a well-recognized exception to the general rule that a particular crime may not be proved by evidence of distinct substantive offenses. The exception is that when it becomes necessary to prove the guilty knowledge of the accused, evidence of similar independent offenses committed by him is competent to show such knowledge, or scienter. * * * Guilty knowledge is an essential element of the crime with which the appellant was charged, the words of the statute creating it being, `such person knowing the same to have been feloniously stolen or taken.' * * *
"This exception to the general rule applies not only to prior transactions of the accused, but also to his recent subsequent transactions of a similar nature. * * *"
We conclude, therefore, that this bill has no merit.
During the progress of the trial and while evidence was being adduced, the defendant through counsel orally moved to dismiss the prosecution for the reason that the witnesses Gallagher and Dwyer had testified that the battery stolen and allegedly passed on to the defendant was a "Willard" battery, whereas the information had charged the receiving of a stolen "Wizard" battery, and that this was all the evidence as to what battery was stolen and allegedly sold to the defendant. The trial judge denied the motion, and properly so, as it constituted nothing more than a motion for a directed verdict, which is unauthorized under our law. See State v. Dudenhefer, 122 La. 288, 47 So. 614; State v. Pascal, 147 La. 634, 85 So. 621; State v. Murphy, 154 La. 190, 97 So. 397; State v. Bobo, 169 La. 289, 125 So. 126; State v. Broussard, 217 La. 90, 46 So.2d 48.
Defendant also reurged the same objection and set it forth as one of the reasons why he should be granted a new trial in his motion for a new trial filed after conviction. As this motion was overruled and a bill of exception reserved, we shall discuss the objection here.
Neither the testimony of the witnesses Gallagher and Dwyer nor the testimony of any other witnesses is referred to, attached to, or in any manner made a part of Bill No. 3 or of the bill reserved to the overruling of the trial court's denial of defendant's motion for a new trial. The testimony taken during the trial is in the record, but, since it is not attached to, or made a part of, the bills of exception, it cannot be considered by us.
The identical question was presented to this court in State v. Honeycutt, 218 La. 362, 49 So.2d 610, 612, in which this court said:
"* * * we cannot consider the matters urged by counsel for defendant on this appeal. On defendant's motion to quash the indictment testimony was taken and other evidence adduced, all of which is in the record; but, even though it is incorporated in the transcript, it cannot be considered by us and has no proper place in the record since it is not annexed to, and made part of, a bill of exception timely perfected.
"In State v. LeBleu, 1943, 203 La. 337, 14 So.2d 17, it was stated: `It is well established in the jurisprudence of *417 this state that evidence can be brought before this court in a criminal case only by incorporating it in a bill of exceptions. It cannot be considered, even though in the transcript, unless it is annexed to and made a part of the bill that has been timely reserved.'

* * * * * *
"In State v. Carr, 1904, 111 La. 716, 35 So. 839, the defendant was convicted of murder and sentenced to death. He filed a motion for a new trial, citing as one of the grounds therefor that two of the jurors were guilty of misconduct, and under this motion testimony was taken. The motion was overruled by the lower court. On appeal this court observed: `There was some testimony taken on this latter point upon the hearing of the application, and a note made of several objections urged. We find this testimony and these objections in the transcript, but no bill of exceptions. The necessity for such a bill has been repeatedly announced. We cannot consider the objections so raised * * * or the testimony so transcribed * * *.'
"There are numerous other cases in our jurisprudence to the same effect, and it is settled beyond any question that the only way evidence can be brought before the Supreme Court in a criminal case is by annexing it to, and making it a part of, a bill of exception timely reserved. State v. White, 37 La.Ann. 172; State v. Richard, 42 La.Ann. 83, 6 So. 897; State v. James, 106 La. 462, 31 So. 44; State v. Simmons, 118 La. 22, 42 So. 582; State v. Aenspacker, 130 La. 717, 58 So. 520; State v. Warthen, 153 La. 260, 95 So. 711; State v. Crumble, 158 La. 495, 104 So. 303; State v. Stewart, 188 La. 546, 177 So. 662; State v. Lecompte, 214 La. 117, 36 So.2d 695."
The trial judge in his per curiam to this bill relates the following in regard to the proof on this point:
"* * * The evidence showed that on October 7, 1950, Mrs. A. Taylor, Jr. purchased a Wizard battery (square type) from Western Auto Supply Company in the City of Shreveport, Louisiana. She then carried the battery to the Conoco Service Station at the Corner of Youree Drive and Ockley Drive, in Shreveport, which was operated by Howard B. Payne. Mr. Payne was too busy to install the battery in Mrs. Taylor's husband's car so she left the battery with Mr. Payne, with the intention of returning on Monday to have the battery installed. Mr. Payne placed the battery on what he described as an `island', which was a raised place in or near the center of his building, on which he kept and displayed merchandise. The battery was still in a pasteboard box.
"The evidence showed that on October 8, 1950, about 12:30 p.m., Herbert Dwyer and Ronnie Gallagher, after leaving church services at Broadmoor Baptist Church, broke into and burglarized Mr. Payne's service station and stole therefrom a Wizard battery of the square type from the `island' in the service station. * * *
"* * * and the court found the evidence ample to the effect that the witnesses Gallagher and Dwyer stole the Wizard battery, the property of Mrs. A. Taylor, Jr., and passed it on to the accused on October 8th, as testified to by them."
The trial judge in his per curiam thus having informed us that the evidence showed that the battery stolen and delivered to the defendant was a "Wizard", as charged and described in the bill of information, and that the evidence was ample or sufficient to prove this fact, no question of law is presented for our consideration. Under the Constitution, in criminal cases the appellate jurisdiction of this court is on questions of law alone. Art. 7, sec. 10, La. Const. of 1921. And it is only where there is no evidence at all upon some essential element of the crime charged that a question of law arises, vesting this court with appellate jurisdiction. State ex rel. Fernandez v. Perez, 151 La. 526, 92 So. 45; State v. Gani, 157 La. 231, 102 So. 318; State v. Dunnington, 157 La. 369, 102 So. *418 478; State v. McDonell, 208 La. 602, 23 So.2d 230.
Nor are we permitted to pass upon the question of whether the evidence was sufficient to convict the defendant. It is well settled that this court has no jurisdiction to decide questions of fact or of the sufficiency of the evidence relating to the question of guilt or innocence of a party accused in a criminal prosecution, and, where there is some evidence to sustain the conviction, no matter how little, the Supreme Court cannot pass upon the sufficiency thereof, as that comes within the exclusive province of the trial judge and the jury. State v. Campbell, 173 La. 831, 138 So. 853; State v. Verret, 174 La. 1059, 142 So. 688; State v. Fountain, 175 La. 221, 143 So. 55; State v. Bonner, 193 La. 387, 190 So. 621; State v. Allen, 200 La. 687, 8 So.2d 643; State v. McDonell, supra. In state v. Verret, supra, this court said [174 La. 1059, 142 So. 689] that "* * * The trial judge declares that the verdict was supported by the evidence. Therefore, no question of law is presented to this court for review."
Bill No. 4 was reserved to the overruling of defendant's motion for a new trial. One of the grounds urged by him in this motion was that the court erred in refusing to permit counsel for defendant to cross-examine the witness Gallagher to ascertain whether he had been threatened, coerced, or otherwise induced by the law-enforcement officers, prior to his own plea of guilty, to implicate the defendant Haddad.
The testimony adduced which might be pertinent to this objection is not attached to, or made part of, or in any manner referred to in, the bill of exception, and, as heretofore pointed out, although in the record, cannot be considered by us.
This per curiam discloses that the trial judge did not deny counsel for the defendant the right to cross-examine the witness Gallagher to test his credibility, but merely curtailed or limited that part of the cross-examination.
In the conduct of trials the trial judge is vested with a sound discretion and may restrict cross-examination within legitimate bounds. See art. 369, La.Code Cr. Proc., LSA-R.S. 15:369; State v. Wren, 121 La. 55, 46 So. 99; State v. Walters, 135 La. 1070, 66 So. 364; State v. Brown, 166 La. 43, 116 So. 588. No precise rule can be laid down to govern that discretion, but it will not be interfered with unless abused. See Marr's Criminal Jurisprudence of Louisiana (1923), sec. 629, p. 963.
The case of State v. Roberson, 215 N.C. 784, 3 S.E.2d 277, 279, contains an intelligent discussion by the Supreme Court of the State of North Carolina of the latitude allowed a trial judge in limiting cross-examination of an accomplice to test his credibility. In that case the trial judge had excluded altogether evidence which showed that the prosecution against the accomplice had been dismissed and no punishment had been imposed upon him. In holding that it was error to exclude altogether evidence as to this matter, the court said:

"While latitude is allowed in showing the bias, hostility, corruption, prejudice and interest or misconduct of the witness with respect to the case or other facts tending to prove that his testimony is unworthy of credit, * * the question as to the extent to which the cross examination may extend is to be determined with a view to the discretion of the trial judge. Nevertheless, if the latter has excluded testimony which would clearly show bias, interest, the promise, or the hope of reward on the part of the witness, it is error and may be ground for a new trial. * * * The discretionary power of the trial Judge is to confine the cross examination within reasonable limits. It does not include the authority to exclude altogether questions, and the answers thereto, which directly challenge the disinterestedness or credibility of the witness' testimony." (Italics ours.) See also Redd v. State, 145 Tex.Cr.R. 397, 168 S.W.2d 251.
The sole question presented here, then, is whether the trial judge has in this case abused his discretion.
The trial judge in his per curiam says that he would not permit the witness Gallagher to be examined in detail in regard to threats, promises, and inducements, but *419 that the defense counsel was permitted to elicit from the witness that the state officers had told him that "it would be easier on him if he would come clean and tell all". The defense was thus permitted to question the accomplice as to threats, promises, and inducements made to him by the state officers. In order to ascertain whether further questioning should have been allowed, the judge himself, who in this case was the judge of the facts as well as the law, interrogated the witness as to improper influence and inducements and as to any effort to "frame" the accused, and he determined the basic fact that the witness' naming of the accused was not due to any influence or inducement. From his per curiam it is evident that the trial judge was completely satisfied that no purpose could be served in this instance by permitting extended cross-examination on this matter.
From these circumstances we cannot say that the trial judge so severely curtailed the cross-examination that he abused his discretion and so prejudiced the accused that he would be entitled to a new trial.
There are other grounds urged in defendant's motion for a new trial, all of which, with the exception of one, are the same as those urged in conection with the other bills of exception hereinabove discussed. The remaining ground does not appear to have merit, but, in any event, since it has not been briefed or argued, it will be considered by us as having been abandoned. State v. Simpson, 216 La. 212, 43 So.2d 585; State v. Dowdy, 217 La. 773, 47 So. 2d 496. Further, since the testimony on which it was based is not attached to the bill or made a part thereof, there is nothing before us for review.
For the reasons assigned, the conviction and sentence are affirmed.
FOURNET, C. J., dissents and assigns written reasons.
PONDER, J., dissents.
McCALEB, J., dissents with written reasons.
FOURNET, Chief Justice (dissenting).
A trial judge in exercising the discretion vested in him to restrict the cross examination of witnesses in the trial of criminal cases should do so within legitimate bounds; and when the prosecution relies principally if not altogether upon the testimony of the accomplice great latitude must be allowed in his cross examination by the defendant. See 3 Wharton's Crim.Ev. (11th Ed. 1935) 2169, Sec. 1297; 70 C.J., Verbo Witnesses, 679, Sec. 832(b); State v. Rose, 339 Mo. 317, 96 S.W.2d 498; Lee v. State, 21 Ohio St. 151; Gibbs v. State, 37 Ariz. 273, 293 P. 976, 74 A.L.R. 1105; State v. Pellet, 53 N.D. 183, 204 N.W. 983; State v. Coates, 22 Wash. 601, 61 P. 726; People v. Durand, 321 Ill. 526, 152 N.E. 569; People v. Schmitz, 7 Cal.App. 330, 94 P. 407, 419, 15 L.R.A.,N.S., 717; People v. Bydalek, 40 N.E.2d 595, 313 Ill. App. 631, 40 N.E.2d 595, affirmed, 381 Ill. 330, 45 N.E.2d 849. Consequently, the trial judge, in curtailing as he did in this case the cross examination of the alleged accomplice, Gallagher, abused his discretion, and the defendant is entitled to a new trial.
McCALEB, Justice (dissenting in part).
I think that the judge committed reversible error in that he unduly curtailed the cross-examination of the accomplice, Gallagher, by counsel for the defendant. It appears from the per curiam of the judge that, after Gallagher had testified that the officers (questioning him in regard to the theft and disposal of the battery) told him that "if he would come clean and tell all it would be easier on him" he (the judge) interrogated the witness as to whether any improper inducements had been offered by the officers and that, when the witness answered in the negative, he "felt that that was as far as the defendant was entitled to go on the cross-examination of this witness with regard to these facts".
I believe that to cut off the right of an accused to cross-examine an accomplice as to the details of a conversation had with police officers, which brought about his confession and the charge against the accused, was highly prejudicial and tends to deprive *420 him of a fair and impartial trial. I, of course, agree with the majority that the trial judge is vested with sound discretion in the conduct of a criminal trial and may restrict cross-examination within legitimate bounds. However, it is equally well settled that great latitude is to be allowed in cross-examining an accomplice upon whose testimony the verdict may depend. See 58 Am.Jur. Verbo "Witnesses", Section 655, page 362 and Annotation 74 A.L.R. 1157 and cases there cited. Indeed, in State v. Ritz, 65 Mont. 180, 211 P. 298, 301, the court, in discussing the accepted rule of liberality to be allowed in cross-examination of an accomplice supported by the text writers and decisions, observes:
"A less liberal rule would be calculated to place the defendant, to some extent, at least, at the mercy of a witness who may have compelling reasons for desiring his conviction."
In the instant case, it seems very clear to me that the Judge abused his discretion.
I concur in the majority opinion in all other respects but believe that a new trial should be granted for the reason above stated.

On Rehearing.
PONDER, Justice.
We granted a rehearing in this case solely for the purpose of reconsidering our holding with reference to Bill of Exception No. 4. The rehearing was expressly restricted to the question of whether the trial judge abused his discretion in curtailing the cross-examination of the accomplice Gallagher. As to the issues presented by the other bills, that decision became final and correctly announced the law applicable thereto.
The trial judge refused to permit counsel for the defendant to cross-examine the accomplice in detail with reference to threats, promises and inducements made to him by law enforcement officers prior to the time that the accomplice entered a plea of guilty. The trial court briefly questioned the accomplice as to whether any improper influence or inducements had been offered and whether or not the officers had asked him to falsify his testimony or to frame the accused. Upon the accomplice answering these questions in the negative, the trial court would not permit counsel for the defendant to further interrogate the accomplice in regards thereto.
Great latitude must be allowed the defendant in the cross-examination of an accomplice. Numerous authorities to that effect are cited in the dissenting opinion of the Chief Justice and Justice McCaleb on the original hearing. We are cognizant of the fact that the trial judge is vested with sound discretion in restricting cross-examination within legitimate bounds. However, great latitude must be allowed in the cross-examination of an accomplice and the refusal of the trial judge to permit counsel for the defendant to interrogate the accomplice, under the facts here presented, is a clear abuse of the discretion vested in him.
For the reasons assigned, the conviction and sentence are set aside and the defendant is to be tried anew.
HAMITER, J., concurs and assigns written reasons.
HAWTHORNE, J., dissents, adhering to the views expressed in the original opinion.
HAMITER, Justice (concurring).
On the original hearing of this cause I did not realize that the law of evidence grants to an accused the right of almost unlimited cross examination of an accomplice testifying for the state. It was during my thorough study made in connection with the application for the rehearing that I became fully cognizant of the broad scope of the general rule on the subject which is well stated in 3 Wharton's Criminal Evidence (11th Edition), Section 1297, as follows:
"* * * The accused has the right freely to cross-examine an accomplice testifying for the state as to his motives, bias, interest, relation to the crime, the persons connected with it, and other matters tending to impeach his fairness or impartiality. *421 * * * Great latitude, from the nature of the case, is allowed in the cross-examination of an accomplice, and the most searching questions are permitted in order to test his veracity. Indeed, it is held that the widest latitude should be allowed in the cross-examination of an accomplice; he will be compelled to make a full statement of the matter, notwithstanding it may criminate him, but he is not required to answer as to other crimes."
This rule of evidence, it appears, was not recognized and given effect by the district judge during the cross examination by the present defendant of the accomplice Gallagher.
Therefore, I concur in the decree rendered on this rehearing.